425 F.3d 154
 UNITED STATES of America, Appellee,
v.
Carlos J. BARRERO, a.k.a. "CJ", Franklin Romero; Nelson Ospina, a.k.a. "Payasito", a.k.a. "Willer Rodriguez", Maribel Cortes, a.k.a. "Mrs. Mary", Jorge Tejada, a.k.a. "Charlie Za", Juan Santos, a.k.a. "Santos Juan", Pompilio A. Lopez, Daniel Ospina, Carlos Paredes, a.k.a. "El Pibe", a.k.a. "El Negro", Defendants,
Hector B. Ramirez, a.k.a. "Ungaro", a.k.a. "Ramirez Hector", Defendant-Appellant.
 Docket No. 03-1280.
 United States Court of Appeals, Second Circuit.
 Argued: August 25, 2005.
 Decided: September 27, 2005.
 
 Michael O'Brien, Syosset, NY, for appellant.
 Roberto Finzi, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, John M. Hillebrecht, Assistant United States Attorney, of counsel), New York, NY, for appellee.
 Before: SACK, KATZMANN and B.D. PARKER, Circuit Judges.
 SACK, Circuit Judge.
 
 
 1
 The defendant-appellant, Hector B. Ramirez, pleaded guilty in the United States District Court for the Southern District of New York to one count of conspiracy to distribute five or more kilograms of mixtures and substances containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 812, 841 & 846. At sentencing, the court (Lawrence M. McKenna, Judge) determined that Ramirez had two criminal history points under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."). The court concluded that Ramirez was therefore ineligible for "safety valve" relief under 18 U.S.C. § 3553(f), which provides that if certain conditions, including that "the defendant ... not have more than 1 criminal history point, as determined under the sentencing guidelines," id., § 3553(f)(1), are met, a defendant may be sentenced without regard to an otherwise applicable statutory minimum. The court therefore applied the 120-month mandatory minimum term called for by 21 U.S.C. § 841(b)(1)(A)(ii)(II). Ramirez was sentenced principally to 120 months' incarceration.
 
 
 2
 On appeal, Ramirez argues that the district court should have considered the Guidelines advisory for purposes of calculating his criminal history points. See U.S.S.G. § 4A1.1. He also contends that section 3553(f)(1) itself, by virtue of its reference to and incorporation of a Guidelines term (the defendant's "criminal history points"), should be considered advisory post-Booker. Ramirez does not dispute the district court's determination pursuant to U.S.S.G. § 4A1.1 that he had two criminal history points. Neither does he contend that the court's consideration of the fact of his prior New York State convictions for assault and for "Criminal Facilitation in the Fourth Degree" in determining his criminal history points violated the Sixth Amendment under United States v. Booker, ___ U.S. ___, ___, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005), or Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Instead, he asserts that the court erred in "follow[ing] the letter of the safety valve provision rather than its own assessment that the criminal history categorization of defendant over-stated the seriousness of his situation" because "`the mandatory duty to apply the Guidelines [was] excised'" by Booker. Appellant's Br. at 11 (quoting United States v. Crosby, 397 F.3d 103, 111 (2d Cir.2005)). We are unpersuaded.
 
 
 3
 In Booker, the Supreme Court held that 18 U.S.C. § 3553(b)(1) — which required courts to sentence defendants pursuant to "mandatory sentencing rules" that made the sentence dependent upon facts not proved to the jury, see Booker, 125 S.Ct. at 750 — violated the Sixth Amendment. Id. at 756. The Court determined that the proper remedy for the constitutional infirmity was to sever 18 U.S.C. § 3553(b)(1) (and section 3742(e), which provides for de novo review of departures from the Guidelines' ranges) from the statute. Id. at 764. The Court concluded that this remedy best effectuated Congress's intent in enacting the Sentencing Reform Act of 1984, as amended, 18 U.S.C. § 3551 et seq., 28 U.S.C. § 991 et seq. Id. at 757. The statutory instruction to federal courts that they must (with certain relatively narrow exceptions) sentence within the applicable Guideline range, section 3553(b)(1), was thus struck down. Id. at 7440191 50.
 
 
 4
 Booker, however, left 18 U.S.C. § 3553(a), which sets forth the procedures under which federal judges are to impose criminal sentences, untouched. Id. at 764. Section 3553(a) provides that the sentencing court "shall consider," inter alia, the "applicable category of offense committed by the applicable category of defendant as set forth in the" Guidelines. 18 U.S.C. § 3553(a)(4)(A). The Guidelines are "advisory" under Booker—they are to be "consider[ed]" under section 3553(a), but are no longer mandatory under defunct section 3553(b)(1). Id. The Guidelines themselves and their applicability to the sentencing process under, inter alia, 18 U.S.C. § 3553(a)(4), however, remain intact. See Crosby, 397 F.3d at 114-15 (concluding, in the context of section 3553(a), that misapplication of Guidelines terms in determining a sentence would ordinarily render the sentence unreasonable); see also United States v. Brady, 417 F.3d 326, 332 (2d Cir.2005) ("Although the Guidelines are no longer mandatory, the sentencing court must nonetheless consider the applicable Guidelines sentence and relevant policy statements before sentencing"); United States v. Selioutsky, 409 F.3d 114, 118 (2d Cir.2005) ("Under [the Booker] regime, ... the sentencing judge must consider the factors set forth in 18 U.S.C. § 3553(a), including the applicable Guidelines range and available departure authority" (citations omitted)). Booker did not alter the content of the Guidelines or the requirement that Guidelines results be determined according to the terms of the Guidelines.
 
 
 5
 The Guidelines provide, for the purpose of, inter alia, arriving at sentencing ranges, "Criminal History Categories" calculated from the number of "Criminal History Points" attributable to the defendant. Criminal history points are in turn based on the record of the defendant's past convictions and calculated in accordance with Guidelines instructions. See U.S.S.G. § 4A1.1. The district court was plainly correct when it decided that it did not have the discretion to award Ramirez only one point under the Guidelines once it had determined, by the process provided by the Guidelines, that Ramirez had two such points.
 
 
 6
 Ramirez argues alternatively that even if the district court correctly assigned him two criminal history points under U.S.S.G. § 4A1.1, the court should have considered section 3553(f)(1) itself as advisory. We see no sound basis for this argument.
 
 
 7
 Section 3553(f) provides relief from certain minimum sentences. It establishes, in subsection (1), that "the [sentencing] court shall impose a sentence ... without regard to any statutory minimum sentence, if the court finds ... that [, inter alia,] ... the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines...." 18 U.S.C. § 3553(f)(1). Ramirez's contention that the district court should have considered this requirement to be advisory conflicts with the plain terms of the statute. By arguing that we should read section 3553(f) as applying even where the defendant has more than one criminal history point under the Guidelines, Ramirez in effect asks us to excise subsection (f)(1), presumably on Sixth Amendment grounds.
 
 
 8
 In Apprendi, the Supreme Court concluded that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 489, 120 S.Ct. 2348. The Court thereby hewed to its holding in Almendarez-Torres that the fact of a prior conviction could be found by the court by a preponderance of the evidence without violating the Due Process Clause of the Fourteenth Amendment or the right to a jury trial guaranteed by the Sixth Amendment. Id. at 488-89, 120 S.Ct. 2348. The Court noted that "it is arguable that Almendarez-Torres was incorrectly decided," but determined that the fact of a prior conviction constituted "a narrow exception to the general rule" that facts that increase a defendant's sentence beyond the relevant maximum must be submitted to the jury. Id. In Booker, the Court "reaffirm[ed][its] holding in Apprendi," concluding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756 (emphasis added). Thus, it is well established that a court may find the fact of a prior conviction by a preponderance of the evidence and may base the defendant's sentence upon that finding without violating the defendant's Sixth Amendment rights.
 
 
 9
 Section 3553(f)(1), as noted, provides that a defendant is not eligible for relief under that section if he or she has more than one criminal history point under the Guidelines. To calculate such criminal history points, the district court must determine the number, if any, of the defendant's prior convictions and the sentence that the defendant received for any such conviction. See U.S.S.G. § 4A1.1. Under the exception for the fact of a prior conviction, set forth in Almendarez-Torres and reaffirmed by Apprendi and Booker, the district court's factual findings regarding a defendant's prior convictions do not violate the Sixth Amendment. And the district court's findings with respect to the length of the sentence imposed also fall within the exception for the fact of a prior conviction because those facts are "sufficiently interwoven with the facts of the prior crimes that Apprendi does not require different fact-finders and different burdens of proof" for their determination. United States v. Santiago, 268 F.3d 151, 156 (2d Cir.2001).
 
 
 10
 Because the court's denial of safety valve relief did not implicate the Sixth Amendment, the court's decision to sentence the defendant at an otherwise applicable statutory minimum pursuant to section 841 did not "remove from the jury the assessment of facts that increase the prescribed range of penalties to which [the] ... defendant is exposed." United States v. Gonzalez, 420 F.3d 111, 123 (2d Cir.2005). No portion of the defendant's punishment depends on facts, other than facts of prior convictions, that have not been authorized by a plea of guilty or a jury verdict. There is therefore no constitutional bar to a legislative instruction to a judge to sentence the defendant to such a mandatory minimum where, as here, the defendant is ineligible for safety valve relief based on the court's finding that he had more than one criminal history point.
 
 
 11
 Because 18 U.S.C. § 3553(f)(1) is constitutional, we may not ignore its dictates, as the defendant urges us to do. We leave for another day whether the denial of safety valve relief based on judge-found facts as to any of the other section 3553(f) grounds might ever violate the Sixth Amendment.
 
 CONCLUSION
 
 12
 For the foregoing reasons, the judgment of the district court is affirmed.