UNITED STATES of America,
Appellee,

v.

Belsys de Carmen SEIJAS–
MARTINEZ, Defendant–
Appellant.

No. 05–1070.

United States Court of Appeals,
Second Circuit.

Jan. 25, 2006.

B. Alan Seidler, New York, NY, for Appellant.

Scott Klugman, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Susan Corkery, Assistant United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

Defendant appeals from a February 23, 2005 judgment of the District Court adjudging her guilty of conspiracy to possess more than one kilogram of heroin with intent to distribute it in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and sentencing her principally to 120 months' imprisonment. Defendant, who pleaded

guilty to the offense of conviction, argues on appeal that the District Court erred in finding her ineligible for a "safety valve" provision that, had it applied to her, would have rendered inapplicable the ten-year mandatory minimum sentence otherwise required by 21 U.S.C. § 841(b)(1)(A).

We assume the parties' familiarity with the underlying facts and procedural history.

Following a Drug Enforcement Administration investigation, the defendant and others were named in a three-count indictment on May 1, 2003 alleging various drug offenses. Defendant was charged in Counts One and Three. She eventually pleaded guilty to Count One of the indictment, admitting that she had sold heroin and acknowledging the existence of ten-year mandatory minimum sentence for her offense. At a subsequent proceeding, she specifically admitted that the conspiracy involved more than one kilogram of heroin. At sentencing, defendant argued that the ten-year mandatory minimum provision should not apply to her because she qualified for the "safety valve" provision of 18 U.S.C. § 3553(f).[1] Although § 3553(f) limits the "safety valve" to persons with no more than one criminal history point, *see id.* § 3553(f)(1), defendant argued that because the Supreme Court recently ruled that the United States Sentencing Guidelines ("Guidelines") are no longer mandatory, *see United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and criminal history points are creatures of the Guidelines, the restriction of the "safety valve" to persons with one or zero criminal history points is also now at the discretion of sentencing judges.[2] The District Court found that it lacked such discretion and that the ten-year minimum remained in force. On appeal, defendant raises essentially the same arguments.

We have held that *Booker* and its progeny do not render discretionary the criminal history calculation of 18 U.S.C. § 3553(f)(1), notwithstanding that the statutory provision references the Guidelines. *See United States v. Barrero*, 425 F.3d 154, 156–57 (2d Cir.2005) (holding that "district court was plainly correct ... that it did not have discretion to award ... only one point under the Guidelines once it had determined, under the process provided by the Guidelines, that [defendant] had two such points" and that "the district

---

**1.** The "safety valve" provides, in pertinent part, that

in the case of an offense under section 401 ... or 406 of the Controlled Substances Act [21 U.S.C. §§ 841 or 846] ... the court shall impose a sentence ... *without regard to any statutory minimum sentence,* if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that—
(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense ... and was not engaged in a continuing criminal enterprise ...; and
(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan....
18 U.S.C. § 3553(f) (emphasis added).

**2.** Also at issue was whether defendant "truthfully provided" information to the government as required by 18 U.S.C. § 3553(f)(5). Because defendant could not satisfy the criminal history requirement, and one must satisfy all prongs to qualify for the "safety valve," we need not address this issue.

court's factual findings with respect to prior convictions do not violate the Sixth Amendment"). Defendant here presents an argument indistinguishable from that which failed in *Barrero*. We therefore conclude that the District Court properly found the "safety valve" provision of 18 U.S.C. § 3553(f) inapplicable to defendant and, as a result, conclude that the District Court properly considered himself bound by the ten-year mandatory minimum sentence of 21 U.S.C. § 841(b)(1)(A).

We have considered all of petitioner's arguments and find them without merit. The judgment of the District Court is **AFFIRMED**.