UNITED STATES of America, Appellee,

v.

Betzaida RIVERA, Defendant–Appellant.

No. 05–4978–CR.

United States Court of Appeals, Second Circuit.

March 13, 2006.

William B. Darrow, Assistant United States Attorney for David V. Kirby, United States Attorney for the District of Vermont, Burlington, VT, for Appellee.

E.M. Allen III, Stetler, Allen & Kampmann, Burlington, VT, for Defendant–Appellant.

Present: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN Circuit Judges, and Hon. JANET BOND ARTERTON, District Judge.*

### SUMMARY ORDER

We assume the parties' familiarity with the facts and procedural history of this case. Defendant–Appellant Betzaida Rivera ("Appellant") pleaded guilty to conspiring to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 846. She was sentenced by the district court to a term of 60 months imprisonment, the mandatory minimum sentence for such violations under 21 U.S.C. § 841(b)(1)(B). Appellant now challenges two aspects of her sentencing proceeding. First, she argues that the district court erred in declining to treat the so-called "safety valve" provision of 18 U.S.C. § 3553(f)(1) as advisory in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Second, she asserts that the district court likewise erred in failing to treat 18 U.S.C. § 3553(e) as advisory. That provision permits a sentencing court "[u]pon motion of the Government ... to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." Appellant contends that after *Booker*, the district court may grant a downward departure pursuant to § 3553(e) and U.S.S.G. § 5K1.1 even where, as here, the government declines to make such a motion. We find no merit in either contention.

 After *Booker*, we review *de novo* a district court's legal conclusions with respect to the application of the Guidelines. *United States v. Fuller*, 426 F.3d 556, 562 (2005). As Appellant concedes, we squarely rejected her initial contention in *United States v. Barrero*, 425 F.3d 154, 157–58 (2d Cir.2005), and we decline to revisit that determination here. Our reasoning in *Barrero* also demonstrates the futility of Appellant's second argument. As we stated there, "*Booker* did not alter the content of the Guidelines or the requirement that

---

* The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

Guidelines results be determined according to the terms of the Guidelines." *Id.* at 156. Accordingly, we have held that in the ordinary case, a sentencing court must "continue to calculate the Guidelines sentence as it would before *Booker.*" *United States v. Brady*, 417 F.3d 326, 332 (2d Cir.2005).

We think this is manifestly the type of "ordinary case" in which a district court must continue to calculate the recommended sentence in accordance with the Guidelines, and then, "bounded by any applicable statutory minimum and maximum," ascertain whether that recommendation is appropriate in light of the sentencing considerations listed in 18 U.S.C. § 3553(a). *United States v. Sharpley*, 399 F.3d 123, 127 (2d Cir.2005). Appellant has not suggested that § 3553(e) suffers from any constitutional or statutory infirmity of its own. Rather, she asserts that the "government motion" requirement of § 3553(e) should be treated as advisory in light of *Booker* because this provision often is "determinative of the sentence imposed" in that "it has the power to set aside statutory minimum sentencing provisions." We disagree. *Booker* merely applied to the Guidelines the principle that under the Sixth Amendment, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244, 125 S.Ct. 738. In doing so, *Booker* cast no doubt on Congress' power to prescribe that minimum sentences accompany convictions for violations of certain federal crimes. Nor did it affect Congress' ability to craft exceptions to the circumstances in which minimum sentences must be imposed, or grant the district courts authority to ignore Congress' instruction concerning the scope of those exceptions.

We have reviewed all of the petitioner's arguments and have concluded that they are lacking in merit. Accordingly, the judgment of the district court is hereby AFFIRMED.