**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARIO ALFONSO BEJARANO,

Defendant - Appellant.

No. 05-2164

D. New Mexico

(D.C. No. CR-04-233 MV)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

Mario Alfonso Bejarano pleaded guilty to conspiracy to possess with intent to distribute over 500 grams of a mixture containing methamphetamine, and was sentenced to 120 months' imprisonment. He appealed and his counsel has filed an *Anders* brief stating the issues that could possibly be raised on appeal and explaining why they have no merit. *See Anders v. California*, 386 U.S. 738

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(1967). Mr. Bejarano was sent a copy of his counsel's *Anders* brief and motion to withdraw, and was directed to respond by April 24, 2006. He did not respond. After reviewing the record, we agree that there are no meritorious issues to be raised on appeal. We grant counsel's motion to withdraw and dismiss the appeal.

According to the plea agreement, Mr. Bejarano was a passenger in a car when it was stopped for speeding on Interstate 40 in New Mexico. A consent search of the vehicle revealed 20 packages of methamphetamine. He was arrested, and agreed to plead guilty to count 1 of a two-count indictment. A presentence report (PSR) assigned Mr. Bejarano three criminal-history points, placing him in criminal-history category II, which, combined with a total offense level of 25, created a guidelines sentencing range of 63-78 months. The PSR also noted, however, that a 10-year mandatory minimum sentence applied. Mr. Bejarano filed an objection to the PSR, contending that because the guidelines had been rendered advisory by *United States v. Booker*, 543 U.S. 220 (2005), "someone such as Mr. Bejarano can be horizontally moved from Criminal History category II to I and be eligible for safety valve," R. Vol. 2 Add. at 1, which would permit the court to sentence under the guidelines rather than impose the mandatory minimum. *See* United States Sentencing Guidelines § 5C1.2 (court shall impose a sentence within guidelines range, without regard to statutory minimum sentence, if, among other things, "the defendant does not have more

than 1 criminal history point"); 18 U.S.C. § 3553(f) (same). The district court ruled that Mr. Bejarano was not eligible for safety-valve relief.

The procedure for appointed counsel to withdraw on appeal is set out in *Anders*, 386 U.S. at 744:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must . . . be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

In her *Anders* brief, counsel for Mr. Bejarano states that Mr. Bejarano's criminal-history points render him ineligible under 18 U.S.C. § 3553(f)(1) for the safety-valve provision and that *Booker* does not give the district court discretion to modify criminal-history points to make a defendant eligible for safety-valve relief. We agree with counsel. *See United States v. Brehm*, 442 F.3d 1291, 1300 (11th Cir. 2006) ("*Booker* did not render the calculation of eligibility requirements for safety-valve relief advisory"); *United States v. Barrero*, 425 F.3d 154, 156-58 (2d Cir. 2005) (same); *United States v. McKoy*, No. 05-2461, 2006 WL 1668061, at *4 (3d Cir. June 19, 2006) (same); *see also United States v.*

*Payton*, 405 F.3d 1168, 1173 (10th Cir. 2005) (finding facts that make the defendant ineligible for safety-valve relief does not violate *Booker*). Nor do we see anything else in the record that would present a nonfrivolous issue on appeal. We note that the district court expressed concern about whether Mr. Bejarano had received proper advice concerning the plea agreement. But when questioned whether he knew that he was "going to be getting 120 months," he responded, "I knew it." R. Vol. 4 at 24. In any event, "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).

After an independent review of the record, we agree that any potential issue to be raised on appeal would be "wholly frivolous." *Anders*, 386 U.S. at 744. We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge