**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

ESTEBAN HERNANDEZ-CASTRO,
          *Defendant-Appellant.*

No. 06-10074

D.C. No.
CR-04-00460-LDG

OPINION

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Argued and Submitted
November 14, 2006—San Francisco, California

Filed January 12, 2007

Before: A. Wallace Tashima and M. Margaret McKeown,
Circuit Judges, and David O. Carter,* District Judge.

Opinion by Judge McKeown

*The Honorable David O. Carter, United States District Judge for the Central District of California, sitting by designation.

## COUNSEL

Rene L. Valladares, Assistant Federal Public Defender (argued), Arthur L. Allen, Assistant Federal Public Defender, Las Vegas, Nevada, for the appellant.

Ray Gattinella, Assistant United States Attorney, Las Vegas, Nevada, for the appellee.

## OPINION

McKEOWN, Circuit Judge:

Under 18 U.S.C. § 3553(f), known as the "safety valve" provision, a defendant may be sentenced below the applicable statutory minimum if certain conditions are met, including not having "more than 1 criminal history point, as determined under the sentencing guidelines." *Id.* § 3553(f)(1). The issue we consider is whether, following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the United States Sentencing Guidelines are advisory for purposes of calculating criminal history points under § 3553(f)(1).

This is an issue of first impression in this circuit and we join our sister circuits in holding that *Booker* left intact the requirement of § 3553(f)(1) that a defendant "not have more than 1 criminal history point." Section 3553(f)(1) is not, by virtue of its reference to the Sentencing Guidelines, rendered advisory by *Booker. See United States v. McKoy*, 452 F.3d 234, 239 (3d Cir. 2006); *United States v. Brehm*, 442 F.3d 1291, 1300 (11th Cir. 2006); *United States v. Barrero*, 425 F.3d 154, 157-58 (2d Cir. 2005); *United States v. Bermudez*, 407 F.3d 536, 544-45 (1st Cir. 2005); *see also United States v. Payton*, 405 F.3d 1168, 1173 (10th Cir. 2005) (interpreting U.S.S.G. § 5C1.2(a)(2) safety valve provision). We also reaffirm our pre-*Booker* holding in *United States v. Valencia-Andrade*, 72 F.3d 770, 774 (9th Cir. 1995), that courts have no authority to adjust criminal history points for the purpose of granting safety valve relief from a mandatory minimum sentence.

Esteban Hernandez-Castro pled guilty to one count of conspiracy to possess with intent to distribute 4,000 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a), which carries a minimum sentence of 120 months in prison. 21 U.S.C. § 841(b)(1)(A). This minimum sentence is not a Guidelines sentence, but rather is statutorily imposed by § 841 itself.

The safety valve provision sets out criteria under which the statutory minimum "shall" be ignored if the defendant meets five requirements. *See* 18 U.S.C. § 3553(f). Only the first requirement is at issue:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines.

*Id.* § 3553(f)(1). There is no dispute that Hernandez-Castro met the other conditions.

The district court found that Hernandez-Castro had two prior convictions: one for Attempted Possession of a Controlled Substance and another for Battery Domestic Violence. Each conviction was assigned a single criminal history point under the Guidelines, bringing Hernandez-Castro's criminal history total to two points. Consequently he did not meet the first requirement of § 3553(f).

The district court concluded that it had no discretion to adjust Hernandez-Castro's criminal history points for purposes of qualification for safety valve relief. Agreeing with the Second Circuit's reasoning in *Barrero*, 425 F.3d at 157-58, the district court stated that it must "strictly abide by the guideline determination of criminal history points for purposes of determining eligibility for application of the statutory safety valve." The district court found Hernandez-Castro ineligible for relief pursuant to the safety valve provision and sentenced him to 121 months in prison, the low end of the recommended 121-151 months Guidelines range.

Now, on appeal, Hernandez-Castro challenges his sentence, arguing that the district court erred in holding that it had no discretion to grant safety valve relief. Hernandez-Castro's argument is two-fold: (1) the first requirement of the safety valve provision, § 3553(f)(1), is a creature of the Sentencing Guidelines, and therefore was rendered advisory by *Booker*; (2) even if the first requirement is not itself advisory, the district court had discretion under the Guidelines to reduce his criminal history points from two to one. Although our decision in *United States v. Valencia-Andrade* forecloses his second argument, Hernandez-Castro asks us to reconsider that case in light of the changed landscape post-*Booker*.

## I. SECTION 3553(f)(1) REMAINS INTACT AFTER *BOOKER*.

Hernandez-Castro's argument is founded on the premise that *Booker*'s use of the word "advisory" is a magic incantation that renders any and all references to the Sentencing

Guidelines "advisory." He posits that because *Booker* made the Sentencing Guidelines "advisory," the first prong of the safety valve provision must also be advisory, as it requires a determination of criminal history under "the Sentencing Guidelines." *See* 18 U.S.C. § 3553(f)(1). Hernandez-Castro misapprehends the reach of *Booker*.

**[1]** We begin with the understanding that *Booker* did not affect the imposition of statutory minimums. *See United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005); *see also United States v. Veith*, 397 F.3d 615, 620 (8th Cir. 2006). To understand why *Booker* does not affect § 3553(f), it is helpful to summarize exactly what the Supreme Court directed in *Booker*. After concluding that the "mandatory" sentencing rules of 18 U.S.C. § 3553(b)(1) violated the Sixth Amendment, the Court excised two statutory provisions to remedy this constitutional infirmity: "the provision that requires sentencing courts to impose a sentence within the applicable Guidelines range . . . *see* 18 U.S.C.A. § 3553(b)(1) (Supp. 2004) and the provision that sets forth the standards of review on appeal . . . ." *Booker*, 543 U.S. at 259. The Court emphasized that "the remainder of the [Sentencing Guide-lines] Act satisfies the Court's constitutional requirements" and went on to note that "[t]he remainder of the Act 'func-tion[s] independently.' " *Id.* (citation omitted).

**[2]** Section 3553(f) falls squarely within the "remainder of the Act" that is unaffected by *Booker*.[1] In calculating criminal history points to determine eligibility for safety valve relief, the district court is simply ascertaining prior convictions, a determination that passes constitutional scrutiny under *Almendarez-Torres*, 523 U.S. 224, 230, 244-45 (1998), as reaffirmed in *Apprendi v. New Jersey*, 530 U.S. 466, 489-90

---

[1]*See United States v. Cardenas-Juarez*, 469 F.3d 1331, 1334 (9th Cir. 2006) ("[T]he safety valve statute, 18 U.S.C. § 3553(f), survives *Booker* to *require* district courts to impose sentences pursuant to the *advisory* Sen-tencing Guidelines.").

(2000). Criminal history points under the Guidelines are thus tied to the record of the defendant's past convictions. *See* U.S.S.G. § 4A1.1. Nothing in this scheme permits the district court to ignore the criminal history calculation of the Guidelines nor does denial of safety valve relief implicate the Sixth Amendment. *See Barrero*, 425 F.3d at 158 (holding there is "no constitutional bar to a legislative instruction to a judge to sentence the defendant to such a mandatory minimum where, as here, the defendant is ineligible for safety valve relief based on the court's finding that he had more than one criminal history point").

## II. *Booker* Did Not Undermine Our Holding in *Valencia-Andrade*.

Once it is established that there is no constitutional problem with imposing a statutory minimum sentence or conditioning a departure from that statutory minimum based on a Guidelines calculation of criminal history points, the remaining question is one of Congressional intent: Did Congress intend to permit a discretionary adjustment of the criminal history to meet the requirement of § 3553(f)(1)? This inquiry is important because the crux of Hernandez-Castro's argument on this point is that the district court should have reduced his criminal history rating to a Category I, thereby making him eligible for safety valve relief.

**[3]** We decided this precise issue in *United States v. Valencia-Andrade*: "Section 3553(f) is not ambiguous. It explicitly precludes departure from the mandatory minimum provisions of 21 U.S.C. § 841 if the record shows that a defendant has more than one criminal history point." 72 F.3d at 774. Unlike our case, in *Valencia-Andrade*, the district court *did* adjust the defendant's two criminal history points down to one. *Id.* at 772. However, the district court ultimately concluded, and the Ninth Circuit agreed, that such adjustment could not be used to meet the requirement of § 3553(f)(1). *Id.* at 774.

**[4]** Hernandez-Castro acknowledges that *Valencia-Andrade* is directly contrary to the argument he now urges before this panel. He contends, however, that (1) *Valencia-Andrade* is invalid after *Booker*, and (2) it was wrongly decided. Both arguments are unpersuasive. As already noted, *Booker* did not affect the imposition of statutory minimums nor did it alter the statutory requirements of § 3553(f). As to the correctness of *Valencia-Andrade*, a three-judge panel may not overturn Ninth Circuit precedent. *United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992). In any event, Hernandez-Castro does not present a clear case for overruling *Valencia-Andrade*. Hernandez-Castro candidly concedes that in 2003, the Sentencing Commission amended U.S.S.G. § 5C1.2(a)(1) —which reproduces the safety valve provision within the Guidelines—to specify that the one criminal history point requirement refers, for safety valve purposes, to the number of points "before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category)." U.S.S.G. § 5C1.2(a)(1). Thus, we reaffirm our holding in *Valencia-Andrade* that district courts have no authority to adjust criminal history points for the purpose of determining eligibility for safety valve relief under 18 U.S.C. § 3553(f)(1), even when the sentencing court concludes that the criminal history calculation overstates the severity of the prior crimes.

*AFFIRMED*