**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Raymundo ALVAREZ, Defendant–Appellant.**

No. 05–50806.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2007.*

Filed Feb. 15, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Brian D. Hershman, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Benjamin L. Coleman, Esq., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, W. FLETCHER, and BERZON, Circuit Judges.

## MEMORANDUM **

Defendant–Appellant Raymundo Alvarez appeals the district court's imposition of a 240–month sentence following his guilty plea to distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Alvarez advances four claims: first, that the allegations in the indictment were insufficient to

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

trigger a mandatory minimum sentence; second, that the plea colloquy did not adequately establish the drug quantity involved; third, that the district court wrongly concluded that Alvarez was ineligible for "safety valve" relief from the mandatory minimum; and fourth, that the fact of Alvarez's prior conviction should have been included the indictment and proven beyond a reasonable doubt.

■ Alvarez's indictment expressly alleged that his offense involved "approximately 205 grams of methamphetamine." That was sufficient to put him on notice that he was subject to the sentencing enhancement provision of 21 U.S.C. § 841(b)(1)(A)(viii), which imposes a mandatory minimum when a defendant's conduct involves "50 grams or more of methamphetamine." *See United States v. Buckland,* 289 F.3d 558, 568 (9th Cir.2002) (en banc) (holding that "drug quantity and type ... must be charged in the indictment"); *see also United States v. Valensia,* 299 F.3d 1068, 1070 (9th Cir.2002) (holding that an indictment containing no drug quantity allegation was insufficient for sentencing enhancement purposes).

■ During Alvarez's plea colloquy, the prosecutor stated as part of the factual basis for the offense that Alvarez "possessed 209.5 grams of 98 percent pure methamphetamine which he intended to sell" and that Alvarez "told the buyers that he possessed a half pound of methamphetamine." Alvarez confirmed that this information was accurate. His case is therefore unlike *United States v. Thomas,* 355 F.3d 1191 (9th Cir.2004), in which the defendant denied the drug quantity allegation during the plea colloquy. Also, both the indictment and plea colloquy were sufficient to establish that Alvarez's offense involved "methamphetamine," rather than a "mixture or substance containing a detectable amount of methamphetamine."

*See United States v. Asuncion,* 973 F.2d 769, 773 (9th Cir.1992); *United States v. Alfeche,* 942 F.2d 697, 698 (9th Cir.1991).

Alvarez contends that *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), enabled the district court to apply the "safety valve" provision of 18 U.S.C. § 3553(f) to circumvent the mandatory minimum. However, we recently rejected this precise claim. *See United States v. Hernandez–Castro,* 473 F.3d 1004, 1005–06 (9th Cir.2007) (holding that "*Booker* left intact the requirement of § 3553(f)(1) that a defendant 'not have more than one criminal history point' " and that "courts have no authority to adjust criminal history points for the purpose of granting safety valve relief"). Thus, the district court properly concluded that Alvarez was ineligible for safety valve relief.

■ Alvarez's argument that 21 U.S.C. § 851 is unconstitutional because it does not require the fact of a prior conviction to be alleged in the indictment and proven beyond a reasonable doubt is also unavailing. We have made clear that we continue to apply *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which rejected these requirements. *See, e.g., United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006) (noting that *Almendarez–Torres* governs even when a defendant does not admit his prior conviction).

Accordingly, we affirm Alvarez's sentence. The government's motion to expand the record is denied as moot.

AFFIRMED.