**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MONCERRAT MENDOZA-
BORUNDA,

      Defendant - Appellant.

No. 05-2109

(D. New Mexico)

(D.C. No. CR-04-1756 RB)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **HENRY**, Circuit Judges.

Moncerrat Mendoza-Borunda appeals the five-year mandatory minimum
sentence imposed following his guilty plea to conspiracy to distribute more than
100 kilograms of marijuana and possession with intent to distribute less than 50
kilograms of marijuana. Exercising jurisdiction under 28 U.S.C. § 1291, we
affirm Mr. Mendoza-Borunda's sentence. However, because the district court
entered a judgment of conviction and imposed a concurrent sentence on an
uncharged count, we vacate that conviction as well as the concurrent sentence and

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

remand with instructions for the district court to enter an amended judgment.

I.

On June 2, 2004, United States Border Patrol Agents in Southern New Mexico saw a white mini-van pull to the side of Interstate 10 with its hazards flashing. The agents approached the vehicle and observed Mr. Mendoza-Borunda and four other male occupants, one of whom was placing a large burlap bag into the mini-van's cargo area. As the agents drew closer, three of the men attempted to flee on foot, but were subsequently apprehended. Mr. Mendoza-Borunda and another man were taken into custody at the vehicle.

The agents recovered two bundles of marijuana from the mini-van. They discovered four more bundles of marijuana underneath a nearby bush along with tracks matching the shoes worn by the three would-be absconders. The six bundles contained a total of 112.4 kilograms of marijuana. During a post-arrest interview, Mr. Mendoza-Borunda admitted that he and one of the other men were going to be paid $2,000 each to transport the marijuana to Tucson, Arizona.

On September 3, 2004, Mr. Mendoza-Borunda and the four other men from the mini-van were named in the same three-count indictment. Mr. Mendoza-Borunda was charged in only two of the three counts. Count I charged him with conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana, in violation of 21 U.S.C. § 846. Count III charged him with possession with intent to distribute less than 50 kilograms of marijuana, in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  He pleaded guilty to both counts without the benefit of a plea agreement.

The United States Probation Office prepared a presentence investigation report ("PSR"), which recommended a sentence based on the United States Sentencing Guidelines ("USSG" or "Guidelines").  The PSR found a total offense level of twenty-one and assessed Mr. Mendoza-Borunda two total criminal history points — one for a 2000 DWI conviction and one for a 2003 DWI conviction.  These two criminal history points placed Mr. Mendoza-Borunda in criminal history category II.

Ordinarily, a total offense level of twenty-one and a criminal history category of II would have resulted in a suggested Guidelines range of 41 to 51 months.  [Id. ¶ 52]  However, because Count I involved in excess of 100 kilograms of marijuana and offenses involving 100 or more kilograms of marijuana carry a mandatory minimum five-year sentence, see 21 U.S.C. § 841(b)(1)(B), the PSR concluded the Guideline sentence was five years.  USSG § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable Guideline range, the statutorily required minimum sentence shall be the Guideline sentence.").  The PSR further concluded that Mr. Mendoza-Borunda did not qualify for "safety-valve" relief from the mandatory minimum sentence because he had more than one criminal history point.  See USSG § 5C1.2 (court shall impose a sentence within guidelines range, without

regard to statutory minimum sentence, if, among other things, "the defendant does not have more than 1 criminal history point"); 18 U.S.C. § 3553(f) (same).

Mr. Mendoza-Borunda's defense counsel filed a sentencing memorandum, objecting to the PSR's conclusion that Mr. Mendoza-Borunda was ineligible for safety-valve relief. Specifically, counsel argued that the requirements for safety-valve relief had been rendered advisory by United States v. Booker, 543 U.S. 220 (2005), and that the district court could (and should) disregard one of Mr. Mendoza-Borunda's two criminal history points and sentence him below the mandatory minimum five-year sentence. In response, the government argued that the district court lacked the authority to impose less than five-years' imprisonment.

At sentencing, defense counsel reiterated his argument that Booker had rendered the requirements for safety-valve relief advisory. Before doing so, however, he raised the possibility, for the first time, that Mr. Mendoza-Borunda's 2003 DWI conviction *might* be constitutionally infirm because he was denied the right to an attorney. Defense counsel did not introduce any evidence in support of this belated argument. Instead, he merely noted that the PSR indicated that Mr. Mendoza-Borunda had "waived attorney representation" in the 2003 DWI proceedings, but "there was no proof" in discovery that the waiver was constitutional. Rec. vol. IV, at 5.

The district court rejected these contentions. The court first explained that

a presumption of regularity attaches to prior convictions and that Mr. Mendoza-Borunda bore the burden of proving his 2003 DWI conviction was unconstitutional. The district court then stated that it lacked the authority to ignore one of Mr. Mendoza-Borunda's criminal history points in order to render him eligible for safety-valve relief. As a result, the court adopted the PSR's factual findings and Guideline calculations, and sentenced Mr. Mendoza-Borunda to the statutorily mandated five years' imprisonment followed by four years' supervised release. The district court also ordered Mr. Mendoza-Borunda to pay a special assessment of one hundred dollars for each count of conviction.

At the end of the sentencing hearing, Mr. Mendoza-Borunda requested an extension to appeal his case. The district court, however, denied his request because the PSR (erroneously) stated that he had pleaded guilty pursuant to a plea agreement and waived his right to appeal therein. While the parties failed to object to this error, a review of the record makes clear that Mr. Mendoza-Borunda pleaded guilty without the benefit of a plea agreement.

Defense counsel filed a notice of appeal and a motion to withdraw. We granted the motion. Mr. Mendoza-Borunda retained new counsel, who was subsequently removed for failing to file a brief and an appendix. Mr. Mendoza-Borunda's current appellate counsel was then assigned to the case.

II.

On appeal, Mr. Mendoza-Borunda's newly appointed appellate counsel first

maintains that we should decline to enforce Mr. Mendoza-Borunda's waiver of appellate rights because it was not made knowingly and voluntarily. This argument is unnecessary. Because Mr. Mendoza-Borunda pleaded guilty without the benefit of a plea agreement, he did not waive his right to appeal. Accordingly, we may consider his substantive claims.

Mr. Mendoza-Borunda's appellate counsel next argues the district court erred "by denying Mr. Mendoza-Borunda 'safety valve' treatment" under USSG § 5C1.2 and 18 U.S.C. § 3553(f). Aplt's Br. at 5. We review for clear error the district court's determination that the defendant failed to meet his or her burden to establish safety-valve eligibility. See United States v. Stephenson, 452 F.3d 1173, 1180 (10th Cir. 2006). However, we review de novo the district court's interpretation of either the scope or meaning of the safety-valve provisions. Id.

We conclude the district court properly denied Mr. Mendoza-Borunda safety-valve relief. First, because defense counsel failed to present *any* evidence that Mr. Mendoza-Borunda's 2003 DWI conviction was constitutionally infirm, the district court did not commit clear error in adopting the PSR's finding that Mr. Mendoza-Borunda had two criminal history points. See United States v. Bush, 405 F.3d 909, 921 (10th Cir. 2005) (stating that the defendant bears the burden to "prove by a preponderance of the evidence that [a] conviction [was] unconstitutional" and cannot satisfy this burden by "simply point[ing] to a silent or ambiguous record, but must come forward with affirmative evidence

establishing that the prior convictions were obtained in violation of the Constitution"). Second, the district court correctly concluded that it could not ignore one of Mr. Mendoza-Borunda's criminal history points in order to make him eligible for safety-valve relief. See United States v. Hernandez-Castro, 473 F.3d 1004, 1006 (9th Cir. 2007) ("[C]ourts have no authority to adjust criminal history points for the purpose of granting safety valve relief from a mandatory minimum sentence."); United States v. Brehm, 442 F.3d 1291, 1300 (11th Cir. 2006) ("[T]he Supreme Court's decision in Booker did not render the calculation of eligibility requirements for safety-valve relief advisory."); United States v. McKoy, 452 F.3d 234, 239-40 (3d Cir. 2006) (same); United States v. Barrero, 425 F.3d 154, 156-58 (2d Cir. 2005) (same). Thus, once the district court concluded Mr. Mendoza-Borunda had two criminal history points, it had no choice but to impose the statutorily required five-year sentence.

In his reply brief, Mr. Mendoza-Borunda's appellate counsel asserts for the first time that both the PSR's misrepresentation regarding the existence of a plea agreement and the parties' failure to apprise the district court of this error warrant de novo re-sentencing. This issue is waived as it was not raised in the opening brief. Anderson v. U.S. Dep't. of Labor, 422 F.3d 1155, 1174 (10th Cir. 2005). Even if we were inclined to ignore the waiver, Mr. Mendoza-Borunda cannot meet the "demanding standard" of plain error review. United States v. Bruce, 458 F.3d 1157, 1165 (10th Cir. 2006).

-7-

Finally, we note that the district court entered a judgment of conviction and concurrent sentence on Count II of the three-count indictment, despite the fact that Mr. Mendoza-Borunda was only charged in and pleaded guilty to Counts I and III. While the extra conviction and concurrent sentence did not affect the length of Mr. Mendoza-Borunda's mandatory minimum five-year prison term, they must be vacated because of the potential for adverse collateral consequences.[1]  Rutledge v. United States, 517 U.S. 292, 301-02 (1996).

### III.

For the foregoing reasons, we AFFIRM Mr. Mendoza-Borunda's five-year sentence, VACATE the district court's judgment of conviction and sentence on Count II, and REMAND with instructions to enter an amended judgment.

Entered for the Court,


Robert H. Henry
Circuit Judge

---

[1]  The erroneous conviction on Count II also resulted in Mr. Mendoza-Borunda improperly paying an additional one hundred dollar special assessment. The district court has, however, already remitted this amount to Mr. Mendoza-Borunda on the motion of the government.