09-0040-cr
United States v. Floyd

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of April, two thousand ten.

PRESENT: REENA RAGGI,
PETER W. HALL,
*Circuit Judges.**

--------------------------------------------------------------------------------
UNITED STATES OF AMERICA,

*Appellee,*

v.                                                     No. 09-0040-cr

JOHN FLOYD, also known as Uni, also known as
Michael Baker,

*Defendant-Appellant.*
--------------------------------------------------------------------------------

FOR APPELLANT:             Nicolas Bourtin, Rhiana Swartz, New York, New York.

FOR APPELLEE:              Jacqueline L. Spratt, Assistant United States Attorney
                           (Emily Berger, Assistant United States Attorney, *on the*

---

*\* Judge Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter in accordance with Second Circuit Internal Operating Procedure E(b).*

*brief*), *for* Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Nina Gershon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 24, 2008, is AFFIRMED.

Defendant John Floyd, who pleaded guilty to two counts of possession of cocaine base with intent to distribute, see 21 U.S.C. § 841(a), challenges his 120-month sentence, the minimum mandated by 21 U.S.C. § 841(b)(1)(A). Floyd asserts (1) abuse of district court discretion in failing to depart from the statutory minimum sentence, and (2) prosecutorial sentencing entrapment or manipulation. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Statutory Minimum

Floyd's challenge to his receipt of the statutory minimum sentence merits little discussion. A district court's discretion to depart from the Sentencing Guidelines, see, e.g., United States v. Booker, 543 U.S. 220, 245 (2005); United States v. Jones, 531 F.3d 163, 171 n.5 (2d Cir. 2008), does not extend to mandatory minimum sentences set by Congress, see Kimbrough v. United States, 552 U.S. 85, 107 (2007) (stating that "sentencing courts remain

2

bound by the mandatory minimum sentences prescribed in the 1986 Act"[1]); United States v.

Samas, 561 F.3d 108, 110 (2d Cir. 2009) ("[A] district court must impose a statutorily

mandated sentence even if the court would reach a different determination if it considered

only [18 U.S.C.] § 3553(a)."); United States v. Chavez, 549 F.3d 119, 135 (2d Cir. 2008)

(same); United States v. Jimenez, 451 F.3d 97, 102 (2d Cir. 2006) (same). Accordingly, the

district court correctly concluded that it "ha[d] no choice" but to impose the statutory

minimum sentence. Sent'g Tr. at 12.

2.      Sentencing Entrapment or Manipulation

We similarly identify no merit in Floyd's sentencing entrapment or manipulation

challenge. As Floyd acknowledges, this court has not embraced either theory as a ground

supporting sentence reduction. See United States v. Gagliardi, 506 F.3d 140, 148-49 (2d Cir.

2007); United States v. Bala, 236 F.3d 87, 93 (2d Cir. 2000). Even if we were to do so,

however, Floyd's claim would fail.

Floyd complains that the government arranged for him to purchase seventy grams of

cocaine base – an amount triggering the ten-year mandatory minimum – after he had already

sold an informant thirty grams of cocaine base – triggering a five-year minimum – one month

earlier. This record hardly demonstrates that government agents induced Floyd "to commit

---

[1] The 1986 Act refers to the Anti-Drug Abuse Act of 1986, which prescribes, inter alia, the ten-year mandatory minimum for possession with intent to distribute fifty grams or more of cocaine base that the district court applied in this case. See 21 U.S.C. § 841(b)(1)(A)(iii).

3

an offense that []he was not otherwise predisposed to commit." United States v. Caban, 173 F.3d 89, 93 n.1 (2d Cir. 1999) (internal quotation marks omitted) (defining sentencing entrapment). Floyd's predisposition to sell seventy grams of cocaine base was in fact evidenced by his willingness and ability to complete the transaction on short notice. Law enforcement efforts to test the scope of a drug dealer's criminal activities by proposing to purchase increasingly larger quantities of drugs do not constitute "outrageous official conduct," which would, at a minimum, be necessary to demonstrate sentencing manipulation. United States v. Gomez, 103 F.3d 249, 256 (2d Cir. 1997) (noting that "even where [sentencing manipulation] has been approved in theory, its potential application has been limited to outrageous official conduct" (internal quotation marks omitted)).

Floyd nevertheless asserts that "the circumstances of [his] criminal history highlight the government's unconstitutional role in determining his sentence." Appellant's Br. at 14 (capitals omitted). To the extent Floyd's argument asserts district court error in calculating his criminal history, his challenge is unavailing. Floyd had two prior convictions – one in 2001 for reckless endangerment in the second degree after he led police officers on a high-speed chase in heavy expressway traffic, see N.Y. Penal Law § 120.20; and another in 2006 for criminal possession of a weapon in the fourth degree, see id. § 265.01. These convictions plainly supported two criminal history points, see U.S.S.G. § 4A1.1(c), making Floyd statutorily ineligible for "safety valve" treatment, see 18 U.S.C. § 3553(f). Thus, the district

4

court "did not have the discretion to award . . . only one point under the Guidelines once it had determined, by the process provided by the Guidelines, that [Floyd] had two such points." United States v. Barrero, 425 F.3d 154, 157 (2d Cir. 2005).

We have considered Floyd's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court