**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10502 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-03360-CKJ |
| v. | |
| LEON MOLISTO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Timothy M. Burgess, District Judge, Presiding[**]

Submitted July 17, 2012[***]

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Leon Molisto appeals from the 60-month sentence imposed following his

guilty-plea conviction for conspiracy to possess with intent to distribute marijuana,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] Timothy M. Burgess, United States District Judge for the District of Alaska, sitting by designation.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), and 846.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Molisto contends that the district court should have applied the rule of lenity to sentence him to a term below the statutory minimum.  Because there is no dispute that Molisto had three criminal history points, the district court lacked discretion to sentence him beneath the statutory minimum term of 60 months.  *See* U.S.S.G. § 5C1.2(a)(1); *United States v. Hernandez-Castro*, 473 F.3d 1004, 1008 (9th Cir. 2007 ("[D]istrict courts have no authority to adjust criminal history points for the purpose of determining eligibility for safety valve relief under 18 U.S.C. § 3553(f)(1), even when the sentencing court concludes that the criminal history calculation overstates the severity of the prior crimes.").

**AFFIRMED.**