**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30335 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-02118-EFS-1 |
| v. | |
| SATURNINO ORTIZ-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, Senior District Judge, Presiding

Submitted September 16, 2013[**]

Before:     HUG, FARRIS, and CANBY, Circuit Judges.

Saturnino Ortiz-Lopez appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea conviction for

possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ortiz-Lopez contends that district court overstated his criminal history

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

by including in his criminal history calculation two points for being on probation at the time of the offense. He argues that this error caused the court improperly to deny him safety-valve relief in contravention of the parties' plea agreement, which stated that Ortiz-Lopez "may" be eligible for safety-valve relief. We review de novo. *See United States v. Lichtenberg*, 631 F.3d 1021, 1024 (9th Cir. 2011).

The district court properly included the two points in Ortiz-Lopez's criminal history because the record reflects that he was on probation at the time of his arrest in this case. *See* U.S.S.G. § 4A1.1(d). Because Ortiz-Lopez had three criminal history points, the district court correctly concluded that it lacked discretion to find him safety-valve eligible. *See* 18 U.S.C. § 3553(f)(1); *United States v. Hernandez-Castro*, 473 F.3d 1004, 1007-08 (9th Cir. 2007).

Ortiz-Lopez next contends that his sentence is substantively unreasonable. We review for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court did not abuse its discretion. Ortiz-Lopez's 60-month sentence represents the statutory minimum term for his offense. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B)(i).

**AFFIRMED.**

12-30335