# United States Court of Appeals

## For the First Circuit

No. 06-2294

UNITED STATES OF AMERICA,

Appellee,

v.

ROBERT HUNT,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

Before

Torruella, Circuit Judge,
Lipez, Circuit Judge,
and Tashima,[*] Senior Circuit Judge.

Matthew Kamholtz for appellant.
James F. Lang, Assistant United States Attorney, with whom Michael J. Sullivan, United States Attorney, was on brief for appellee.

September 17, 2007

_____

[*] Of the Ninth Circuit, sitting by designation.

**TASHIMA**, <u>Senior Circuit Judge</u>. Robert Hunt appeals the ten-year mandatory minimum sentence imposed following his plea of guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). Hunt contends that his sentence should be vacated because the district court erroneously believed it lacked discretion to qualify Hunt for the safety valve provision, 18 U.S.C. § 3553(f), by lowering Hunt's criminal history category to I. Although the safety valve provision is not new, Hunt's proposed interpretation of its requirements is a novel one in this circuit. We now hold that the criminal history calculation for purposes of safety valve eligibility is non-discretionary.

## I. FACTS

Hunt sold cocaine base three times in July and August 2005 to a cooperating witness in Brockton, Massachusetts. As a result of these sales, Hunt was indicted in August 2005 on three counts of possession with intent to distribute more than five grams of cocaine base. He pleaded guilty in May 2006. Hunt's presentence report revealed one previous conviction, for cocaine distribution. Although Hunt committed the prior crime more than ten years before the instant offense, he was not sentenced until November 1995, nine years and eight months prior to the commencement of the instant offense. As a result of the prior offense, Hunt's criminal history points were set at 2, his criminal

-2-

history category was II, and Hunt's sentence was set at a mandatory minimum of ten years. See 21 U.S.C. § 841(b)(1)(B)(iii); U.S.S.G. §§ 4A1.1(b), 5C1.2(a). If Hunt had been sentenced four months earlier in 1995, that offense would not have counted toward his criminal history point calculation. See U.S.S.G. § 4A1.2(e)(2). But for Hunt's criminal history category, he would have qualified for the safety valve relief from the mandatory minimum sentence under 18 U.S.C. § 3553(f) and an advisory guideline sentence range of 78-87 months.

Hunt sought a lower sentence, arguing that the district court had discretion to qualify Hunt for the safety valve exception to the ten-year mandatory minimum by lowering his criminal history category to I. The district court disagreed and sentenced Hunt to ten years' imprisonment. In imposing the sentence, however, the district court voiced concern that a lower sentence was appropriate in Hunt's case and that imposition of the mandatory minimum under these circumstances was "a harsh and unfair result."

## II. ANALYSIS

We review de novo a district court's legal conclusions, such as its interpretation of a statute or the Sentencing Guidelines. See United States v. Simo-Lopez, 471 F.3d 249, 253 (1st Cir. 2006); United States v. McKenney, 450 F.3d 39, 42 (1st Cir.), cert. denied, 127 S. Ct. 537 (2006).

Under 21 U.S.C. § 841, offenders who have a prior felony drug conviction are subject to a ten-year mandatory minimum term of imprisonment for the crime of possession with intent to distribute five or more grams of a substance containing cocaine base. Id. § 841(b)(1)(B). However, the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat. 1796 ("VCCA"), created a "safety valve," designed to allow some of the "least culpable offenders" to escape the harsh application of the mandatory minimum. See H.R. Rep. No. 103-460, at 4 (1994); VCCA § 80001, 108 Stat. at 1985 (amending 18 U.S.C. § 3553). To qualify for the safety valve, the district court must find, inter alia, that "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1).[1]

---

[1] In addition to the finding required by subsection (f)(1), the district court must also find that:

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do do) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all

Criminal history points are determined according to a calculation set forth in U.S.S.G. § 4A1.1, and the number of criminal history points determines the defendant's criminal history category. See U.S.S.G. ch. 5, pt. A (sentencing table). Two or 3 criminal history points equates to a criminal history category of II, and 0 points or 1 point equates to a category of I. Id.

As directed by Congress, the Sentencing Commission promulgated U.S.S.G. § 5C1.2, effectuating the safety valve provision. Section 5C1.2 repeats the requirements set forth in the statute, but circumscribes the breadth of the safety valve by requiring that the single allowable criminal history point be determined "before application of subsection (b) of 4A1.3." U.S.S.G. § 5C1.2(a)(1). U.S.S.G. § 4A1.3(b) allows a district court to depart downward to a lower criminal history category if the defendant's assigned "criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b)(1). Section 5C1.2(a), then, prevents downward

---

information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(2)-(5). The parties do not dispute that Hunt's actions and the nature of the offense satisfy subsections (2)-(5).

departures from being applied to qualify offenders for the safety valve.

Notably, § 4A1.3(b)(3) also discusses the safety valve provision. The subsection, entitled "Limitation on Applicability of § 5C1.2 in Event of Downward Departure to Category I," delineates the importance of a defendant's initial criminal history point-calculation in qualifying him for the safety valve provision. It states that a defendant whose criminal history category is I after receiving a downward departure "does not meet the criterion" of § 5C1.2(a)(1) if the defendant had more than one criminal history point under § 4A1.1 prior to receiving the departure. Id. § 4A1.3(b)(3). Thus, §§ 5C1.2 and 4A1.3 preclude application of the safety valve provision if a defendant initially had more than one criminal history point.

Hunt has two criminal history points. See U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2). The plain language of the Sentencing Guidelines precludes him from receiving the benefit of the safety valve regardless of whether the district court saw fit to designate his criminal history category as I by departing downward.

Eight other courts of appeals have reached this same conclusion since the safety valve was promulgated in 1994. See United States v. Boddie, 318 F.3d 491, 494-97 (3d Cir. 2003); United States v. Penn, 282 F.3d 879, 881-82 (6th Cir. 2002); United States v. Webb, 218 F.3d 877, 881-82 (8th Cir. 2000); United States

v. <u>Owensby</u>, 188 F.3d 1244, 1246 (10th Cir. 1999); <u>United States</u> v. <u>Robinson</u>, 158 F.3d 1291, 1293-94 (D.C. Cir. 1998); <u>United States</u> v. <u>Orozco</u>, 121 F.3d 628, 630 (11th Cir. 1997); <u>United States</u> v. <u>Resto</u>, 74 F.3d 22, 28 (2d Cir. 1996); <u>United States</u> v. <u>Valencia-Andrade</u>, 72 F.3d 770, 773-74 (9th Cir. 1995).[2]  The meaning of the Guidelines is clear, and we agree with the holdings of our sister circuits.  We thus hold that a district court cannot qualify a defendant for the safety valve by reducing his criminal history category to I under § 4A1.3.

Hunt attempts to escape this conclusion by arguing that the Sentencing Commission intended § 4A1.3(b) to differentiate those downward departures that were truly prohibited from those that were merely disfavored.  As Hunt notes, § 4A1.3 contains two subsections which restrict downward departures.  Subsection (b)(2) sets forth "prohibit[ed]" downward departures, and subsection (b)(3) sets forth "limitations" on downward departures.  Hunt notes additionally that the Commission has classified certain sentencing factors as "encouraged" bases for upward or downward departures, where the Commission could not fully account for their impact in

---

[2]   Indeed, these opinions interpreted a version of the Guidelines in which § 5C1.2(a)(1) did not explicitly limit the criminal history point calculation to the number of points prior to a downward departure; the restriction was expressed only in an application note.  That provision was added by amendment in 2003. <u>See</u> U.S.S.G. app. C, amend. 651 (2003) (comparing the old and new versions of the section and also amending § 4A1.3 to explicitly disallow safety valve eligibility for defendants with more than one criminal history point  under § 4A1.1).

-7-

formulating Guideline sentences. U.S.S.G. § 5K2.0; e.g., U.S.S.G. § 5K2.3 (defendant has caused extreme psychological injury to his victim); id. § 5K2.10 (victim has provoked defendant); accord Koon v. United States, 518 U.S. 81, 94-95 (1996). Citing United States v. Wilkerson, 183 F. Supp. 2d 373, 380 (D. Mass. 2002), Hunt argues that the overstatement of one's criminal history falls in the category of encouraged bases for departure. Because departures grounded in criminal history are encouraged, he asks the court to read § 4A1.3's "limitation" on a district court's ability to qualify a defendant for the safety valve provision by departing downward as a weaker restriction than an actual "prohibition" against doing so. He argues that "limitations" are suggestions rather than bars.

But Hunt offers no support for his assertion that the Sentencing Commission intended a meaningful distinction between subsections § 4A1.3(b)(2) and (b)(3),[3] and the language of § 4A1.3 does not comport with his reading of subsection (b)(3)(B) as mere suggestion. Instead, the language is peremptory, stating that "[a] defendant whose criminal history category is Category I after

---

[3]    We find no principled basis to distinguish between the restrictions described as "prohibitions" and those described as "limitations," and Hunt suggests none.  "Prohibitions" include downward departures for armed career criminals, for repeat and dangerous sex offenders against minors, and below the lower guideline range for criminal history category I.  U.S.S.G. § 4A1.3(b)(2).  "Limitations" include the safety valve restriction at issue in this case, as well as departures of more than one criminal history category for career offenders.  Id. § 4A1.3(b)(3).

receipt of a downward departure under this subsection <u>does not meet</u> the criterion of subsection (a)(1) of § 5C1.2 . . . if, before receipt of the downward departure, the defendant had more than one criminal history point under § 4A1.1." U.S.S.G. § 4A1.3(b)(3)(B) (emphasis added). Moreover, the same restrictive language of § 4A1.3(b)(3)(B) is also found in the safety valve provision of the Guidelines, § 5C1.2(a), without any hint that the criminal history point requirement is a mere suggestion.

Nor does <u>United States</u> v. <u>Booker</u>, 543 U.S. 220 (2005), assist Hunt. He contends that, under <u>Booker</u>, the Guidelines are merely advisory, such that district courts have discretion to ignore the unfavorable statements in § 4A1.3 and § 5C1.2 requiring the maximum of one criminal history point to be before application of a downward departure.

That is, however, a very loose reading of <u>Booker</u>'s remedial holding, which only precludes a district court from treating a guideline range as binding. <u>See</u> <u>id.</u> at 258-59 (excising 18 U.S.C. § 3553(b)(1), the provision requiring a sentencing court to impose a sentence within the applicable Guidelines range).[4] <u>Booker</u> did not alter the requirement that the Guidelines results be

---

[4] A district court also commits <u>Booker</u> error by violating <u>Booker</u>'s Sixth Amendment holding, which requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Id.</u> at 244. Hunt claims no <u>Booker</u> error on this basis.

-9-

determined according to the Guidelines. See United States v. Antonakopoulos, 399 F.3d 68, 81 (1st Cir. 2005) (recognizing that a substantive error in the application of the Guidelines will normally lead to a Booker remand); accord United States v. Brehm, 442 F.3d 1291, 1300 (11th Cir. 2006) (per curiam); United States v. Barrero, 425 F.3d 154, 156-57 (2d Cir. 2005). Moreover, as other circuits have held, Booker does not excise and render advisory the requirement of § 3553(f) that a defendant have 0 or 1 criminal history points in order to qualify for safety valve relief. Thus, this congressionally-mandated condition remains in force. Accord United States v. Hernandez-Castro, 473 F.3d 1004, 1006-07 (9th Cir. 2007); United States v. McKoy, 452 F.3d 234, 240 (3d Cir. 2006); Brehm, 442 F.3d at 1300; Barrero, 425 F.3d at 157-58. Hunt's contention that the district court's adhering to the Sentencing Guidelines' calculation instructions in applying the safety valve constitutes Booker error is without merit. See United States v. Narvaez-Rosario, 440 F.3d 50, 52 (1st Cir. 2006) (holding that, where a defendant has admitted to the facts underlying imposition of the statutory minimum sentence, "there can be no Booker error").

## III.  CONCLUSION

We, like the district court, recognize that following the Sentencing Guidelines in this case effected a harsh result. A span of only four months prevented Hunt's qualification for the safety valve provision. We have no authority, however, to bypass the

-10-

plain command of the safety valve provision, 18 U.S.C. § 3553(f)(1), that an offender can have, at most, a single criminal history point in order to qualify and that the point must be "determined under the sentencing guidelines." The "limitations" in U.S.S.G. § 4A1.3 are not mere suggestions, and Booker did not render the calculation of criminal history points for this purpose discretionary. Consequently, Hunt had two criminal history points under the Sentencing Guidelines, which precluded the district court from granting Hunt the benefit of the safety valve. Hunt's sentence is therefore

**AFFIRMED.**