# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 27, 2008

Charles R. Fulbruge III
Clerk

No. 07-40405
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN MANUEL ZAMUDIO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-942-ALL

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Zamudio appeals his sentence for conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). Zamudio contends the district court improperly refused to award him a "safety-valve" reduction pursuant to U.S.S.G. § 5C1.2. We disagree and AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

If a defendant meets the five criteria of the safety-valve provision, a sentencing court must reference its sentence to the Sentencing Guidelines without regard to any statutory minimum sentence. See U.S.S.G. § 5C1.2(a)(1)-(5); 18 U.S.C. § 3553(f). The second of these criteria, and the only one at issue in this case, requires that "the defendant did not use violence or credible threats of violence . . . in connection with the offense." U.S.S.G. § 5C1.2(a)(2) (emphasis added).

The relevant conduct is undisputed. On October 8, 2006, a Border Patrol agent, responding to suspicious behavior, attempted to stop Zamudio's car. In the course of attempting to avoid the traffic stop, Zamudio lost control of his car. Zamudio's car came to rest facing the Border Patrol agent's patrol car. After the agent parked his car in front of Zamudio's car and began to exit his car, Zamudio accelerated his car and hit the front of the agent's car at a rate of speed of approximately five to ten miles per hour. Then, after hitting the agent's car, Zamudio again attempted to flee, but he was unable to flee as his car's tires had lost traction. Zamudio did not further attempt to resist arrest.

After taking testimony, including from the agent, the district court concluded that Zamudio's conduct was both violent and a credible threat of violence. The district court thus refused to award Zamudio the safety valve reduction. Zamudio timely appealed.

II.

Zamudio argues that the district court erred in determining that he used violence in connection with his offense. He argues that § 5C1.2(a)(2)'s reference to "use violence" requires the intentional use of violent or destructive physical force. Zamudio further contends that there is no evidence that he intentionally

2

used violent or destructive physical force when he "bumped" the agent's car at a low rate of speed in an attempt to flee.[1]

The Government responds that the district court did not clearly err in finding that Zamudio's conduct was both violent and constituted a credible threat of violence.

We stress that a court's refusal to apply § 5C1.2 is a factual finding that is reviewed for clear error. United States v. Edwards, 65 F.3d 430, 433 (5th Cir. 1993). A finding is clearly erroneous only if, based on its review of the record, this court is "left with a definite and firm conviction that a mistake has been committed." United States v. Cooper, 274 F.3d 230, 238 (5th Cir. 2001) (internal quotation marks and citation omitted). As long as the finding is plausible in light of the entire record, it cannot be clearly erroneous. Id.

Neither § 5C1.2 nor the accompanying commentary defines "violence" or "credible threats of violence." This case, however, does not require definitions of these common terms for the purpose of determining the issue here: whether the district court's finding of fact was clear error. Certainly, it is entirely plausible, even under the definition offered by Zamudio, that Zamudio's striking of the agent's car with his car was violent and/or constituted a credible threat of violence, especially as the agent was attempting to exit his vehicle at the time Zamudio ran his car into the agent's vehicle.

---

[1] Zamudio also argues that the district court's determination that the evidence was insufficient to justify a two-level reckless-endangerment enhancement pursuant to U.S.S.G. § 3C1.2 indicates the absence of any use of violence or credible threats of violence. This argument is without merit. To support the two-level enhancement under that provision, the Government must show that "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. That the impact here was insufficient to create a substantial risk of death or serious bodily injury is not determinative of whether Zamudio's conduct was violent or constitued a credible threat of violence.

III.

The district court did not clearly err by refusing to award Zamudio the safety valve reduction. AFFIRMED.