# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 17, 2011

No. 10-40203

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellant

v.

CARLOS RICARDO JASSO,

Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before GARZA, STEWART, and HAYNES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Carlos Ricardo Jasso pleaded guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 846. This offense carries a minimum sentence of 120 months in prison. *See* 21 U.S.C. § 841(b)(1)(A). At sentencing, the district court granted Jasso a downward variance, over the Government's objection, and sentenced him to 70 months' imprisonment. The Government appealed. Because we find that the district court erred in issuing a sentence below the statutory minimum, we VACATE the district court's sentence and REMAND for resentencing.

**I**

In January 2009, Jasso and a co-conspirator transported cocaine in two separate cars to a warehouse in Laredo, Texas. Later, the two men drove the

cars to a different warehouse, where they unloaded 235 kilograms of cocaine. For their efforts, Jasso and the second driver were among five co-conspirators charged with, *inter alia*, conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 846. Jasso pleaded guilty to the conspiracy count, which carried with it a statutorily prescribed minimum sentence of 120 months in prison. 21 U.S.C. § 841(b)(1)(A).

The Presentence Report (PSR) calculated a sentencing range of 97 to 121 months' imprisonment based on Jasso's total offense level and criminal history. The ten-year statutory minimum raised this range to 120 to 121 months. The PSR also indicated that Jasso had two criminal history points based on his 2006 and 2008 convictions for illegal reentry. As such, the PSR concluded that Jasso was not eligible for relief from the ten-year statutory minimum that would have otherwise been available under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 (2008); both of these provisions require that a defendant not have more than one criminal history point before the application of any downward variances.

Jasso objected to the PSR, arguing (i) that his two criminal history points overrepresented the seriousness of his criminal history, and (ii) that a reduction in his criminal history from two points to one point would qualify Jasso for relief under 18 U.S.C. § 3553(f)'s "safety valve" provision and reduce his Guidelines sentencing range to 70 to 87 months' imprisonment, well below the statutory minimum.

At the January 11, 2010 sentencing hearing, the district court found that Jasso's criminal history category of II was "overrepresentative" and the court reduced Jasso's two criminal history points to one point. In addition, the court continued the sentencing hearing so that Jasso could try to establish his eligibility for the safety valve reduction by participating in an interview designed to satisfy the requirements of § 3553(f)(5). The Government declined to give Jasso a safety valve interview, contending that he was ineligible for such an

No. 10-40203

interview because U.S.S.G. § 5C1.2(a)(1) requires that a defendant have only one criminal history point before receiving any departures under U.S.S.G. § 4A1.3(b), and Jasso had two.[1]

Three days later, when sentencing resumed, the district court sentenced Jasso to 70 months in prison and five years of supervised release over the Government's objection. The court opined that the statutory minimum sentence was "unjust" and that Jasso should receive the same 70-month sentence as the second driver:

> [The Court] has the discretion now that the guidelines are no longer mandatory to make a downward departure so that this gentleman's sentence will be equal to the equally culpable gentleman that accompanied him in the other car.

The court explained that its downward variance was authorized by several 18 U.S.C. § 3553(a) factors.

After the sentencing hearing, the district court reiterated in its written statement of reasons that it imposed a sentence below the statutory minimum based on § 3553(f)'s safety valve provision. In addition, the court indicated that it had granted relief under U.S.S.G. § 4A1.3(b), writing:

> The Court finds the defendant's Criminal History Category is over-representative and finds the defendant has only one criminal history point so that he may qualify for safety valve.

The Government moved for reconsideration the day after the district court issued its sentence, but several weeks before final judgment was entered.[2] The

---

[1] At sentencing, the Government conceded that Jasso met the other requirements for a safety valve reduction, including the cooperation described in 18 U.S.C. § 3553(f)(5), indicating that the Government was "ready to just say we recommend a safety valve as far as the interview [phase]. . . . We would have had no need to interview Mr. Jasso. We were just going to [use] his prior confession . . . to recommend the safety valve."

[2] Although there is no indication in the record that the district court ever ruled on the Government's motion for reconsideration, we note that the denial of a pending motion may be implied by the entry of final judgment. *See Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) ("The denial of a motion by the district court, although not formally expressed, may

3

No. 10-40203

Government timely appealed after the district court's entry of final judgment.

## II

The Government argues that the district court abused its discretion in sentencing Jasso below the 120-month statutory minimum because Jasso's two criminal history points rendered him ineligible for safety valve relief. We review a district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

In 1994, Congress enacted 18 U.S.C. § 3553(f), which allows certain low-level defendants convicted of drug crimes to avoid application of the harsh mandatory minimum prison terms otherwise directed by statute. *See United States v. Rodriguez*, 60 F.3d 193, 194–96 (5th Cir. 1995). Under § 3553(f), a court must impose a sentence in accordance with the Guidelines "without regard to any statutory minimum sentence" when certain conditions are met. One condition is that the defendant must "not have more than 1 criminal history point, as determined under the sentencing guidelines." *Id.* at § 3553(f)(1). This statutory safety valve was reproduced in U.S.S.G. § 5C1.2(a)(1), which was subsequently amended in 2003 to require further that the defendant not have more than one criminal history point "as determined under the sentencing guidelines *before application of subsection of 4A1.3*." *Id.* (emphasis added).

Here, the district court had no discretion to do anything other than impose a sentence at or above the statutory minimum based on Jasso's two criminal history points. Section § 3553(f)(1) "explicitly precludes departure from the mandatory minimum provisions of 21 U.S.C. § 841 if the record shows that a defendant has more than one criminal history point." *United States v. Valencia-*

---

be *implied* by the entry of a final judgment or of an order inconsistent with the granting of the relief sought by the motion."); *accord Tollett v. City of Kemah*, 285 F.3d 357, 369 n.* (5th Cir. 2002).

*Andrade*, 72 F.3d 770, 774 (9th Cir. 1995). Likewise, U.S.S.G. § 5C1.2(a)(1)'s safety valve only applies to defendants with one or zero criminal history points as calculated before application of any downward variances permitted elsewhere by the Guidelines. *See United States v. Robinson*, 158 F.3d 1291, 1294 (D.C. Cir. 1998). Accordingly, Jasso's two criminal history points rendered him ineligible for safety valve relief under the relevant statutory and Guidelines provisions. The district court lacked authority to alter Jasso's criminal history points based on its finding that Jasso's criminal history overstated the seriousness of his past criminal conduct, and the court's 70-month sentence must be set aside. *See United States v. Penn*, 282 F.3d 879, 882 (6th Cir. 2002) ("Section 4A1.3 does not authorize a court to add or subtract individual criminal history points from a defendant's record; instead, it merely allows the court to impose a sentence outside the range prescribed by the guidelines for a defendant's particular offense level and criminal history category.") (citation and internal quotation marks omitted).

Jasso contends, as did the district court, that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), granted district courts the discretion to treat § 3553(f)(1) as advisory for purposes of calculating criminal history points. Although this is an issue of first impression in this circuit, we note that every court of appeals that has addressed this argument has rejected it. *See United States v. Tanner*, 544 F.3d 793, 795 (7th Cir. 2008); *United States v. Branch*, 537 F.3d 582, 592–94 (6th Cir. 2008); *United States v. Leon-Alvarez*, 532 F.3d 815, 818–19 (8th Cir. 2008); *United States v. Hunt*, 503 F.3d 34, 38 (1st Cir. 2007); *United States v. Hernandez-Castro*, 473 F.3d 1004, 1005 (9th Cir. 2007); *United States v. McKoy*, 452 F.3d 234, 239–40 (3d Cir. 2006); *United States v. Brehm*, 442 F.3d 1291, 1300 (11th Cir. 2006); *United States v. Barrero*, 425 F.3d 154, 156 (2d Cir. 2005); *United States v. Payton*, 405 F.3d 1168, 1173 (10th Cir. 2005). As one court has observed, "[u]nder the regime of *Booker*, the

No. 10-40203

judge is to treat the guidelines as only advisory even in a safety-valve case. But he cannot treat as advisory the guideline provisions that are preconditions for safety-valve relief, namely 18 U.S.C. §§ 3553(f)(1) and (4)." *Tanner*, 544 F.3d at 795 (internal citations omitted). Moreover, in *Booker*, the Supreme Court made clear that it was severing only those parts of the Federal Sentencing Act that required sentencing authorities to follow the Guidelines, namely §§ 3553(b)(1) and 3742(e), leaving the rest of the Federal Sentencing Act intact. *See id.,* 543 U.S. at 259 ("[T]he remainder of the Act satisfies the Court's constitutional requirements."). We join our sister circuits in holding that *Booker* did not impair or render advisory § 3553(f)(1)'s requirement that a defendant "not have more than 1 criminal history point" as a prerequisite to safety valve relief.

Jasso argues alternatively that the 2003 amendment to U.S.S.G. § 5C1.2(a)(1), which added the words "before application of subsection (b) of § 4A1.3," constituted an improper delegation by Congress of its rule-making authority to the United States Sentencing Commission. This argument is frivolous. The constitutionality of the Guidelines, and the Commission's authority to promulgate them, is beyond cavil. *See Mistretta v. United States*, 488 U.S. 361 (1989); *accord Booker*, 543 U.S. at 242 ("Our holding today does not call into question any aspect of our decision in *Mistretta*."). We do not find that the 2003 amendment to § 5C1.2(a)(1) falls outside the Commission's authority or violates the nondelegation doctrine.

### III

In light of the foregoing, we VACATE the district court's sentencing decision and REMAND for resentencing.