# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2011

No. 10-20823
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE VALDEZ VILLEGAS, Also Known as Beldo Villegas,
Also Known as Roy Salas, Also Known as Jose Valdez,
Also Known as Jose Valdez Villegas, Also Known as Roy Villa,
Also Known as Jose Vela, Also Known as Jose Valdez-Sepulveda,
Also Known as Jose Valdez Sepulveda, Also Known as Jose Carlos Valdez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 4:10-CR-427-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20823

Jose Valdez Villegas appeals the 51-month sentence imposed following his guilty plea conviction of illegal reentry after deportation. He argues that the district court erred in upwardly departing from the advisory guideline range of 33-41 months based on the inadequacy of his criminal history category. He also maintains that his sentence was procedurally and substantively unreasonable.

We review the sentence for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 46 (2007). Reasonableness review, in the context of a guideline departure, requires this court to evaluate, for abuse of discretion, both the decision to depart upward and the extent of the departure. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). An upward departure is not an abuse of discretion if the reasons advance the objectives of § 3553(a) and are justified by the particular facts.

Given Valdez Villegas's extensive criminal record and the lack of deterrent effect from prior sentences, combined with the large number of recorded deportations that did not involve convictions for illegal reentry, the court did not abuse its discretion by departing based on its finding that Valdez Villegas's criminal history category underrepresented the seriousness of his criminal history and the likelihood of recidivism. *See* § 3553(a); *Zuniga-Peralta*, 442 F.3d at 347-48; U.S.S.G. § 4A1.3(a)(1). Contrary to Valdez Villegas's assertions, the district court did not treat the guidelines as mandatory and did not ignore his assertion that he was entitled to a lower sentence in light of the § 3553(a) factors. Although he claims the district court failed to consider the sentencing disparities among similarly situated defendants as required by § 3553(a)(6), Valdez Villegas has failed to present evidence showing that his sentence differs from those received by such defendants. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006).

Valdez Villegas has not shown that his sentence is substantively unreasonable or that the district court abused its discretion in determining the extent of the departure. *See United States v. Gutierrez*, 635 F.3d 148, 154-55 (5th Cir.

2011); *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008); *Zuniga-Peralta*, 442 F.3d at 347-48. Additionally, his challenges to the constitutionality of the guideline regime and his sentence are unavailing. *See United States v. Jasso*, 634 F.3d 305, 309 (5th Cir.), *cert. denied*, 79 U.S.L.W. 3697 (U.S. June 13, 2011) (No. 10-10401); *United States. v. Brace*, 145 F.3d 247, 255 (5th Cir. 1998) (en banc). The judgment is AFFIRMED.