**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 6, 2012

Lyle W. Cayce
Clerk

No. 10-40358
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CARLOS AMADOR,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-971-3

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Carlos Amador pleaded guilty to conspiracy to possess, with intent to distribute, more than 500 grams of methamphetamine; he was sentenced, *inter alia*, to 292-months' imprisonment.

Amador first claims the district court erred by failing to conduct a hearing pursuant to *United States v. Garcia*, 517 F.2d 272, 278 (5th Cir. 1975), *abrogated on other grounds by Flanagan v. United States*, 465 U.S. 259, 263 & n.2 (1984), or an evidentiary hearing, concerning trial counsel's conflicts of interest. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court held a sufficient hearing regarding such conflicts. After discussing them, the court determined–as it has the authority to do–that it would not accept a waiver from Amador to allow his then counsel to represent him. *Wheat v. United States*, 486 U.S. 153, 160-63 (1988); *United States v. Sanchez Guerrero*, 546 F.3d 328, 332-34 (5th Cir. 2008). Because a waiver of trial counsel's conflicts of interest was not an option, a *Garcia* hearing (to, *inter alia*, ensure waiver is knowing and voluntary) was not necessary. *See Garcia*, 517 F.2d at 278.

Amador also contends his sentence is unreasonable and unconstitutional, based on other claimed errors, discussed *infra*. Although, post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *E.g.*, *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Amador preserved his objection in district court to the Guideline § 3B1.1(b) enhancement, discussed *infra*; but, he did not preserve the other sentencing issues raised on appeal. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). These unpreserved issues are reviewed only for plain error. To establish reversible plain error, Amador must show a clear or obvious error affecting his substantial rights. *E.g.*, *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even if such error is shown, our court retains the discretion to correct it and, generally, will do so only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings". *Id.* (citations and internal quotation marks omitted).

Amador contends the court erred by: failing to consider the § 3553(a) sentencing factors; "strictly appl[ying]" the Sentencing Guidelines; and

improperly enhancing his sentence under Guideline § 3B1.1(b).  As discussed, the first two issues are reviewed only for plain error.

When, as here, the district court imposed a within-Guidelines sentence, our court presumes the § 3553(a) factors were considered.  *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  The district court heard testimony at sentencing relating to those factors.  Thus, because Amador has not shown the district court either believed the Guidelines were mandatory or failed to consider the § 3553(a) factors, there was no error.

Regarding Guideline § 3B1.1(b), a three-level increase in a defendant's offense level is authorized "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive". U.S.S.G. § 3B1.1(b). Amador was involved in an extensive drug conspiracy, wherein he:  purchased drugs; sold them; and employed and directed runners to deliver, and return payment for, the drugs. Amador exercised managerial and supervisory responsibility over drugs and drug proceeds.  Thus, the enhancement is plausible in light of the record as a whole and should not be disturbed. *E.g.*, *United States v. Morris*, 46 F.3d 410, 419 (5th Cir. 1995).

Amador further contends his sentence is substantively unreasonable. When, as here, the sentence imposed is within a properly-calculated Guidelines range, the sentence is presumptively reasonable. *E.g.*, *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).  Amador has failed to present evidence to overcome that presumption. *E.g.*, *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Therefore, no error has been shown.

Finally, Amador's challenge to the constitutionality of the Guidelines regime and his assertions of an Eighth Amendment claim do not warrant review. *United States v. Jasso*, 634 F.3d 305, 309 (5th Cir.), *cert. denied*, 131 S. Ct. 3004 (2011).

AFFIRMED.

No. 10-40358