# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50445
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE CARLOS GALLEGOS-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-324

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Carlos Gallegos-Hernandez (Gallegos) appeals the 60-month sentence imposed following his guilty plea conviction for conspiracy to possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. He contends that the district court erroneously denied him relief under the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which would have enabled him to be sentenced without regard to the statutory minimum.

Gallegos indicates that he has abandoned the argument, raised below, that the district court retained the discretion to apply the safety valve to cases in which the defendant has more than one criminal history point, conceding that any such argument is foreclosed. He nevertheless argues that the denial of safety-valve relief in his case was error because the assessment of two criminal history points for his 2006 illegal reentry conviction was unreasonable, urging that the offense is essentially a petty misdemeanor and that assigning two points for such offenses is "arbitrary and without a rational foundation." According to Gallegos, U.S.S.G. § 4A1.3 should apply in such cases to avoid the injustice of overrepresenting the gravity of illegal reentry offenses. He also argues, for the first time on appeal, that his prior illegal reentry conviction was double counted under the Guidelines because it was used both to increase his criminal history score and to deny him safety-valve eligibility.

As Gallegos concedes, the argument that district courts retain the discretion to grant a downward departure under § 4A1.3 to render a defendant with more than one criminal history point eligible for the safety valve is foreclosed. *See United States v. Solis*, 675 F.3d 795 (5th Cir. 2012); *United States v. Jasso*, 634 F.3d 305 (5th Cir. 2011). To the extent that he contends that his sentence is unreasonable because his prior conviction was not serious, the argument is similarly foreclosed. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Gallegos's double-counting argument is likewise foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

No. 14-50445

To the extent that Gallegos seeks to have this court overturn the prior decision in *Duarte*, the argument is unavailing. One panel of this court may not overrule the decision of a prior panel in the absence of an en banc decision or a superseding Supreme Court decision. *United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002).

The Government has moved for summary affirmance in this case. As the Government fails to address Gallegos's argument challenging the assessment of two criminal history points for a nonviolent illegal reentry offense, summary affirmance is not appropriate, and the motion is DENIED. *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006). Gallegos is not entitled to relief, however, and the district court's judgment is AFFIRMED. The Government's alternative motion for an extension of time to file an appellate brief is DENIED.