# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50814

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GERALD LEE VERGOTT, also known as Jerry Vergott, also known as
Blacky, also known as Gerald L. Vergott, also known as Gerald Vergott,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CR-484-1

Before WIENER, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Defendant-Appellant, Gerald Vergott, was charged with one count of being a felon in possession of a firearm. He filed a motion to suppress evidence that was seized from his vehicle during a traffic stop. Following a hearing, the district court denied Vergott's motion to suppress. The district court subsequently filed a written Finding of Fact and Order on the motion to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50814

suppress; Vergott objected; and the district court rejected Vergott's objections. He then entered a guilty plea. Two weeks later, Vergott moved to withdraw his guilty plea. Following a hearing, the district court held Vergott's motion in abeyance to allow him an opportunity to prove that his underlying prior conviction of burglary of a building was not a felony offense that could support the charge of felon in possession of a firearm.[1] The record reflects that the district court never formally ruled on defendant's motion to withdraw his guilty plea, but the court imposed five years of supervised probation. Vergott appeals. We AFFIRM.

## I.

## FACTS

Vergott was driving when police officers observed him fail to signal properly while turning into a parking lot. Texas Transportation Code § 545.104(b) requires a driver to signal his intent to turn for at least 100 feet before making a turn. One of the officers testified that during the traffic stop he observed a firearm in plain view, tucked into Vergott's front waistband while he was making furtive movements.

Vergott filed a motion to suppress based on the argument that, because he properly signaled that he was turning for the required 100 feet before the turn, the officers lacked probable cause to stop him. At a hearing on the motion, both parties adduced evidence in attempts to establish the distance at which Vergott had activated his turn signal prior to the turn. The district court stated, "giving the extreme benefit of the doubt to the defense, . . . [it] would be the 108 or 110 line, which . . . would be more than a hundred feet." The district court then denied the motion to suppress. The government filed a motion for clarification of the court's factual findings because of inconsistencies, and the

---

[1] According to Vergott, he was charged with a felony, but convicted of a misdemeanor.

No. 15-50814

district court responded with a written Finding of Fact and Order. The court found that Vergott had activated his turn signal less than 100 feet before making the turn and denied the motion to suppress. Vergott objected to the Finding of Fact and Order and asked that the findings be conformed to the court's oral statements. That objection was denied, and he now appeals the denial of his motion to suppress. He contends that he entered a conditional guilty plea, thereby reserving his right to appeal the denial of his motion to suppress evidence.

As noted, Vergott entered a guilty plea following the denial of his motion to suppress, but two weeks later moved to withdraw his guilty plea, claiming that he was actually innocent and that his plea was not voluntary because his counsel "coerced" him into entering a plea and he was under the influence of medication.[2] The district court held a hearing on the motion to withdraw the guilty plea, but agreed to hold the motion in abeyance to give Vergott time to disprove the government's assertion that he had been convicted of a felony. Two months later, the district court sentenced Vergott to five years of supervised probation. The court did not formally rule on the motion to withdraw the guilty plea. Vergott appeals the denial of his motion to withdraw the guilty plea.

## II.

## ANALYSIS

A. Right to Appeal the Motion to Suppress

This court reviews a district court's factual findings on a motion to suppress for clear error and its conclusions of law de novo.[3] Our authority to

---

[2] Vergott claims that he takes prescription hydrocodone for pain and Xanax for anxiety, and that he took more Xanax than usual on the date of the rearraignment in an effort to overcome his anxiety of appearing in court.

[3] *United States v. Alvarado-Zarza*, 782 F.3d 246, 249 (5th Cir. 2015); *United States v. Hernandez*, 647 F.3d 216, 218 (5th Cir. 2011).

review the district court's ruling on the motion to suppress depends on whether Vergott entered a conditional plea of guilty. An erroneous pretrial evidentiary ruling – here, the denial of a motion to suppress – is a nonjurisdictional defect that is waived by an unconditional plea.[4] But a defendant may enter a conditional plea of guilty pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure and thereby reserve the right to challenge a pretrial ruling.[5] A conditional guilty plea may not be implied, but "must be made in writing, consented to by the prosecution, and approved by the court."[6]

Nevertheless, in appropriate circumstances, this court has relaxed the technical requirements of Rule 11(a)(2) "when the spirit of that rule has been fulfilled by a clear indication on the record of the defendant's intention to plead conditionally . . . [and an] intention to appeal particular pretrial rulings, and the acquiescence of both the prosecution and the court."[7] We have found a conditional plea was present without a written agreement when the record clearly indicated that defendant expressly sought to reserve his right to appeal a pretrial ruling and neither the government nor district court opposed such a plea.[8] On the other hand, "if the record contains no manifestation of a reservation of appellate rights, the plea is presumptively *un*conditional, and an appellate court may not reach the merits of the defendant's appeal."[9]

Vergott concedes that he entered a plea of guilty without a written plea agreement and cannot meet the formal requirements for a conditional guilty

---

[4] *See United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007); *United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999).

[5] *See Stevens*, 487 F.3d at 238.

[6] *Wise*, 179 F.3d at 186; *see also* FED. R. CRIM. P. 11(a)(2).

[7] *Wise*, 179 F.3d at 187.

[8] *United States v. Santiago*, 410 F.3d 193, 197-98 (5th Cir. 2005); *Wise,* 179 F.3d at 187; *United States v. Fernandez*, 887 F.2d 564, 566 n.1 (5th Cir. 1989); *see also* FED. R. CRIM. P. 11(h).

[9] *United States v. Bell*, 966 F.2d 914, 917 (5th Cir. 1992) (emphasis in original).

plea. He nevertheless contends that the record shows his clear intent to appeal the ruling on the motion to suppress, as well as acquiescence on the part of both the district court and government. The first statements that Vergott relies on to show that the record is clear that he intended to appeal the motion to suppress are comments made by his attorney at a pretrial hearing to the effect that the record was "clear" and the district court's ruling on the motion to suppress "appellate ready." However, those remarks were made two months prior to Vergott's guilty plea. Moreover, they do not indicate any reservation of a right to appeal the motion to suppress because they were made at a point during the case when there was no need to reserve the right to appeal.

Defendant also relies heavily on the following exchange between the parties and the district court at his sentencing hearing:

> THE COURT: And, of course, the Court had looked at the legal motion earlier in this process, and that was resolved against you. But the Court advised you that you could retain your right to appeal that legal decision. Are you still willing to go forward with your plea of guilty and waive your appellate rights on that legal issue?
>
> [COUNSEL FOR DEFENSE]: Your Honor, if I may approach the Court on that issue, if Mr. Fuchs wouldn't mind just approaching for a second.
>
> THE COURT: Okay. All right. Come on up.
>
> (At bench off the record)
>
> (Open court)
>
> THE COURT: All right. Mr. Vergott, come on back up. So the Court is informed you may want to pursue the ruling on the legal issue. And that's fine if you do. But what we're here today about is your sentence.

Vergott asserts that this exchange supports his contention that the government and district court did not object to his reservation of the right to

appeal the denial of the suppression motion. However, the record does not clearly show that the court was referring to the "legal decision" denying defendant's motion to suppress, as opposed to other legal decisions, including his motion to withdraw the guilty plea.

In addition, at Vergott's rearraignment, the district court clearly indicated that his guilty plea was not conditional:

> THE COURT: All right. And, of course, I remember this case, among other reasons, because there was the hearing on the motion to suppress. And, of course, in those instances the defendant certainly has the choice to go to trial or to enter a conditional plea and appeal the Court's ruling on the motion to suppress.
>
> But this is without the conditions; is that correct?
>
> [COUNSEL FOR DEFENSE]: Yes, Your Honor. Mr. Vergott would retain the right to appeal the sentence. But that's right.
>
> THE COURT: All right. And have you explained all of those different options to him?
>
> [COUNSEL FOR DEFENSE]: I have.
>
> THE COURT: All right. And, Mr. Vergott, do you understand all those different options?
>
> DEFENDANT: Yes, sir.

Following this exchange, the district court notified Vergott of the constitutional rights he was waiving by entering a plea of guilty. Vergott nevertheless proceeded to enter a plea of guilty.

Cases in which this court has excused technical compliance with Rule 11(a)(2) differ from this case. For example, in *United States v. Santiago*, we ruled that the guilty plea was conditional because the defendant expressly

reserved his right to appeal a motion to suppress at his rearrraignment.[10] In *United States v. Fernandez,* the defendant's guilty plea was conditional because the government conceded on appeal that the defendant had reserved the right to appeal from an adverse pre-plea suppression ruling.[11] In the instant case, however, Vergott did not expressly reserve his right to appeal the motion to suppress; on the contrary, he expressly waived the right to condition his guilty plea. Counsel for Vergott clearly indicated that Vergott's plea was without conditions on which he could appeal the motion to suppress. The plea entered by Vergott was thus not conditional, so he has no right to appeal the ruling on the motion to suppress.

B. Withdrawal of Guilty Plea

The denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion.[12] Vergott moved to withdraw his guilty plea, alleging that he was actually innocent, that he was pressured into pleading guilty, and that his thinking was impaired by his medication. The district court implicitly denied Vergott's motion to withdraw his guilty plea when it entered final judgment imposing a sentence of five years of supervised probation.[13] There is no

---

[10] 410 F.3d at 197-98.

[11] 887 F.2d at 566 n.1.

[12] *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009).

[13] Although there is no indication in the record that the district court ever formally ruled on Vergott's motion to withdraw his guilty plea, this court has previously recognized in other circumstances that "the denial of a pending motion may be implied by the entry of final judgment." *United States v. Jasso*, 634 F.3d 305, 307 n.2 (5th Cir. 2011). *Cf. Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) ("The denial of a motion by the district court, although not formally expressed, may be *implied* by the entry of a final judgment or of an order inconsistent with the granting of the relief sought by the motion."). Here, the district court held an evidentiary hearing on Vergott's motion, during which the court considered each of the seven factors relevant to the review of a motion to withdraw a guilty plea. *See United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). At the conclusion of the hearing, the district court determined that it should hold the motion in abeyance to provide Vergott with the opportunity to seek, in Texas state court, a modification of his criminal record to

absolute right to withdraw a guilty plea if the defendant did not seek withdrawal before the district court accepted the guilty plea.[14] A defendant may withdraw a guilty plea that the district court accepted prior to his sentence if "the defendant can show a fair and just reason for requesting the withdrawal."[15] "The burden of establishing a fair and just reason for withdrawing a guilty plea remains at all times on the defendant."[16]

This court has articulated seven factors that are relevant to considering whether a fair and just reason for withdrawal of a defendant's guilty plea exists.[17] Those seven factors are: (1) whether the defendant has asserted actual innocence; (2) whether the government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing the withdrawal motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources.[18]

Vergott contends that he is actually innocent because he was never convicted of a felony to support the charge of felon in possession of firearm. An assertion of innocence alone is "far from being sufficient to overturn denial of a withdrawal motion."[19] As the district court noted, at Vergott's

---

reflect his claim that his state burglary conviction was a misdemeanor, rather than a felony. The court made clear that if Vergott was unsuccessful, his options were to "be sentenced based on the plea that [he had] already entered" or "to reurge [his] motion and . . . go forward with trial." The court went on to set a date for sentencing. Vergott apparently never availed himself of this opportunity and did not raise the issue at sentencing, nor did he reurge his motion to withdraw his guilty plea. Under these circumstances, we conclude that the court implicitly denied Vergott's motion to withdraw his guilty plea upon entering a final judgment imposing a sentence of five years of supervised probation.

[14] *See United States v. Arami*, 536 F.3d 479, 483 (5th Cir. 2008).

[15] FED. R. CRIM. P. 11(d)(2)(B).

[16] *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996).

[17] *United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014).

[18] *Carr*, 740 F.2d at 343-44.

[19] *Id.* at 344.

rearraignment, he admitted that he possessed a firearm and that he was "previously convicted of a felony." "[S]olemn declarations in open court carry a strong presumption of verity."[20] The court also held Vergott's motion in abeyance to give him the opportunity to disprove the government's assertion that his prior conviction was a felony conviction sufficient to serve as a predicate for conviction under § 922(g). The district court's implied denial of Vergott's motion demonstrates that he failed to do so. Vergott's blanket assertion that he was not convicted of a felony is not enough for this factor to weigh in favor of withdrawing his guilty plea.

As to the second factor, the district court found that there was no "great prejudice" to the government if withdrawal were to be permitted, and the government did not dispute this finding. This factor thus weighed in favor of withdrawal of the guilty plea. With respect to the third factor, Vergott filed his motion to withdraw his guilty plea two weeks after entering that plea. The district court found there was no delay, so this factor weighed in favor of withdrawal of the guilty plea. The district court found the fourth factor weighed in favor of withdrawal of the guilty plea because the court would not be substantially inconvenienced. The fifth factor weighed against withdrawal of the guilty plea because the district court found that defendant did receive close assistance of counsel.

With respect to the sixth factor, Vergott insists this his plea was not knowing and voluntary. He asserts that during the plea colloquy the district court confused him about the nature of the charge by asking whether he had a "burglary charge" instead of "being convicted of a felony." Vergott maintains that he was unaware that his burglary charge constituted a felony, so he never admitted during the plea colloquy to having a prior felony conviction. Vergott

---

[20] *See United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001).

further contends that he was under the influence of his medication and pressure of his attorney, further rendering his guilty plea involuntary.

To enter a knowing and voluntary guilty plea, a defendant must have full knowledge of what the plea connoted and of its consequences.[21] Rule 11 of the Federal Rules of Criminal Procedure ensures that a guilty plea is knowing and voluntary by requiring the district court to follow specific procedures before accepting such a plea.[22] The district court substantially complied with Rule 11 by informing Vergott of the nature of the charge alleged in the indictment, the constitutional rights he was waiving by pleading guilty, and the maximum possible sentence he faced.[23] Contrary to Vergott's assertion, he expressly admitted to having "previously been convicted of a felony" at the rearraignment hearing. The fact that he admitted to being convicted of a burglary in a different part of the rearraignment does not mean that he did not have full knowledge of what his plea connotes and of its consequences. The district court also recounted facts from the suppression hearing as a factual basis for Vergott's plea and ensured that he was not pleading guilty because someone had "forced . . . threatened," or promised him something in exchange for his guilty plea.[24] Vergott's assertion that his medication and his attorney's advice rendered his guilty plea involuntary are conclusional and insufficient to rebut his sworn statements in court.[25] This factor thus weighed against the withdrawal of his guilty plea.

As to the final factor, the district court concluded that withdrawal of the guilty plea would not result in a terrible waste of judicial resources. This factor thus weighed in favor of withdrawing the guilty plea.

---

[21] *Boykin v. Alabama*, 395 U.S. 238, 244 (1969).

[22] FED. R. CRIM. P. 11.

[23] FED. R. CRIM. P. 11(b)(1).

[24] FED. R. CRIM. P. 11(b)(2 ) & (3).

[25] *See Lampazianie*, 251 F.3d at 524.

No. 15-50814

Based on the totality of the circumstances, Vergott has failed to show that the district court abused its discretion in denying his motion to withdraw his guilty plea.

## III.

## CONCLUSION

The district court's ruling is, in all respects, AFFIRMED.