# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2026

Lyle W. Cayce
Clerk

No. 25-30067

United States of America,

*Plaintiff—Appellee*,

*versus*

James Troy Phillips,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CR-214-10

_____

Before King, Higginson, and Wilson, *Circuit Judges*.

Cory T. Wilson, *Circuit Judge*:

James Troy Phillips led police officers on a high-speed car chase in order to evade law enforcement because he had a large quantity of marijuana in his car. After he was caught, he pled guilty to marijuana charges. At sentencing, Phillips argued that the district court should disregard the statutory minimum because he met the requirements for the sentencing safety valve. In relevant part, safety valve relief is available only if the defendant did not "use violence or credible threats of violence or possess a firearm or other dangerous weapon . . . in connection with the offense." 18 U.S.C. § 3553(f)(2). The district court denied safety valve relief but did not

initially articulate the basis for the court's denial. After we ordered a limited remand for the district court to provide its reasoning, that court explained that it denied relief, *inter alia*, because Phillips's high-speed car chase constituted the use of violence within the purview of § 3553(f)(2). We affirm.

## I.

FBI agents came to suspect James Phillips's marijuana-trafficking activities, so the agents had local law enforcement officers conduct a traffic stop of Phillips. Instead of complying with the stop, Phillips led the officers on a car chase that reached speeds of over 135 miles per hour. During the chase, he struck a vehicle and, at least for a time, evaded law enforcement.

But Phillips's escape to freedom was short-lived. After his eventual arrest and indictment, Phillips pled guilty to conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846. The presentence report calculated that Phillips's guidelines imprisonment range was 51 to 63 months. Because his conviction carried a five-year mandatory minimum, the range's floor was adjusted upward to 60 months. *Id.* § 841(b)(1)(B)(vii).

In his sentencing memorandum, Phillips argued that the district court should disregard the mandatory minimum because he met the five requirements of the sentencing safety valve. *See* 18 U.S.C. § 3553(f). Under the safety valve, the district court "shall impose" a sentence "without regard to any statutory minimum sentence" if:

> (1) the defendant does not have—
>
>> (A) more than 4 criminal history points . . . ;
>>
>> (B) a prior 3-point offense . . . ; and
>>
>> (C) a prior 2-point violent offense . . . ;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, . . . and was not engaged in a continuing criminal enterprise . . . ; and

(5) . . . the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . .

*Id.* A defendant must meet all five requirements for safety valve relief. *Pulsifer v. United States*, 601 U.S. 124, 150 (2024).

In his memorandum, Phillips listed the safety valve's five requirements and then briefly explained why he met each of them. The Government did not file a response. At the sentencing hearing, Phillips's counsel reiterated that "we believe Mr. Phillips meets the criteria set forth in 18 U.S.C. § 3553(f), which would permit the Court to go below the statutory minimum sentence and stay within the applicable guideline range." The Government responded that it was "simply asking the Court for a guideline sentence," and that this was not "the type of case that warrants going below that."

The district court sentenced Phillips to 60 months of imprisonment "after consideration of the factors in Section 3553(a) of Title 18 pertaining to the defendant's criminal history, his personal characteristics, as well as his involvement in the instant offense, taking into account the five-year mandatory minimum sentence." The district court did not mention the

safety valve or discuss whether the court would have imposed the same sentence even if the safety valve was operative. But by considering the five-year minimum, the district court must have denied safety valve relief. Otherwise, the statutory minimum would not have applied.

On appeal, Phillips contends that the district court erred by denying safety valve relief and that his 60-month sentence was excessive. Considering the district court's omission of any reference to the safety valve and the Government's "Sphinx-like" non-opposition to "Phillips's assertion that the safety valve applied," we remanded the case for the limited purpose of allowing the district court to articulate its reasons for denying safety valve relief. *See United States v. Phillips*, No. 25-30067, 2025 WL 3285486, at *2–3 (5th Cir. Nov. 25, 2025). On remand, the district court clarified that it denied safety valve relief because "the defendant used violence or employed a dangerous weapon—a motor vehicle—in connection with the offense" during Phillips's high-speed car chase, "and therefore failed to satisfy § 3553(f)(2)." We now consider the merits of Phillips's challenges to his sentence.

## II.

We review a district court's interpretation of § 3553(f) *de novo*. *United States v. Towns*, 718 F.3d 404, 407 (5th Cir. 2013). We review a district court's factual findings regarding the safety valve for clear error. *United States v. Jasso*, 634 F.3d 305, 307 (5th Cir. 2011).

## III.

We agree with the district court that Phillips "use[d] violence" within the meaning of 18 U.S.C. § 3553(f)(2)'s safety valve when he led police officers on a 135-mile-per-hour car chase to evade law enforcement, striking another vehicle in the process. Though we have not yet addressed this issue

No. 25-30067

in a published opinion,[1] we are persuaded by the reasoning of our sister circuit's decision in *United States v. Harden*, 866 F.3d 768 (7th Cir. 2017).

In *Harden*, law enforcement officers attempted to execute a traffic stop of the defendant's vehicle after receiving information that he was transporting cocaine across state lines for distribution. *Id.* at 769. The defendant tried to evade the officers by driving away at "speeds that were at least 21 miles per hour (mph) over the 25 mph speed limit" and reached up to 65 miles per hour. *Id.* He later made a U-turn in a parking lot, "resulting in a collision when the agent's vehicle in pursuit struck [the defendant's] vehicle." *Id.* at 770.

The Seventh Circuit concluded that, while the Sentencing Guidelines do not define the term "use violence," the *Harden* defendant's actions qualified under a "common understanding of what constitutes violent conduct." *Id.* at 771. Simply put, a defendant's high-speed vehicular flight from law enforcement officers "poses a very real threat of physical injury to persons in th[e] . . . area as well as [to] the agents in pursuit." *Id.* at 774. As that court explained, the Supreme Court has recognized that, "depending upon the facts, a person fleeing in a vehicle at high speeds may pose an imminent threat of serious physical harm" to other motorists as well as the pursuing officers. *Id.* (citing *Brosseau v. Haugen*, 543 U.S. 194, 199–201 (2004)). And in *Harden*, there was "even more than high-speed flight"; there was "a collision—the actual application of physical force." *Id.*

*Harden* materially maps onto the uncontested facts before us. If anything, this case is clearer: Phillips's high-speed car chase subjected himself and others to an extremely high risk of serious physical injury. He reached "speeds in excess of 135 mph," magnitudes more than the 21 miles

---

[1] *See United States v. Zamudio*, 267 F. App'x 369, 371 (5th Cir. 2008).

per hour over the 25 mph speed limit at issue in *Harden*. During his high-speed flight, Phillips also "struck another vehicle." It was only by sheer luck or divine intervention that Phillips did not end up injuring any other drivers, the pursuing officers, or himself. As the district court aptly explained on remand, Phillips's "operation of a motor vehicle at extreme speeds while fleeing law enforcement, coupled with the collision with another vehicle, involved force capable of causing serious bodily injury to the public and law enforcement officers and reflects violent conduct within the ordinary meaning of the statute."[2]

Based on the record now before us, we conclude that Phillips "use[d] violence" within the meaning of 18 U.S.C. § 3553(f)(2). Therefore, the district court properly denied safety valve relief. Moreover, as Phillips implicitly recognizes, his argument that his 60-month sentence was excessive depends on the success of his safety valve argument. Without safety valve relief, Phillips's 60-month sentence reflected the statutory minimum and thus cannot be excessive.

AFFIRMED.

---

[2] Because we agree with the district court's conclusion that Phillips "used violence" within the meaning of § 3553(f)(2), we need not address the court's alternative conclusion that Phillips's reckless operation of his vehicle amounted to his "possess[ing] a . . . dangerous weapon" under the statute.